FILED
2022 FEB 1 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>    Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE and MELISSA KOERNER,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM MOTION TO COMPEL IN RELATION TO CONFIDENTIAL INFORMATION (DOC. NO. 31)**<br><br>Case No. 2:20-cv-00520<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Emily Sharp Rains brought this action against her former employer, Westminster College, and her former supervisor, Melissa Koerner (collectively, the "Westminster Defendants"), following her termination from a faculty position at Westminster College. (*See generally* First Am. Compl., Doc. No. 8-2.) Ms. Rains has asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, breach of contract, and negligent hiring, supervision, and retention of Ms. Koerner, among other claims. (*Id.* ¶¶ 77–87, 98–102, 108–11.)

Now before the court is Ms. Rains' Short Form Motion to Compel in Relation to Confidential Information, ("Mot.," Doc. No. 31). Ms. Rains seeks to compel the Westminster Defendants to produce all documents responsive to certain requests for production ("RFPs"), namely RFPs 16, 19, and 24 through 39 from her first set of discovery requests, and RFPs 1 through 3 from her second set of requests. The Westminster Defendants oppose the motion.

(Opp'n, Doc. No. 41.) Based on the parties' briefing,[1] and for the reasons explained below, the court grants the motion to the extent Ms. Rains seeks personnel files of Donald Saxon, Cliff Hurst, Jerry Van Os, Rick Haskell, and Ron Mano, subject to the limitations set forth in this order. The court denies the motion without prejudice as to all other requests.

### Requests for Personnel Files

RFPs 16 and 24 through 36 of Ms. Rains' first set of discovery requests and RFPs 1 through 3 of her second set are requests for personnel files. (*See* Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. ("Second Suppl. Resps."), Doc. No. 34; Ex. O to Reply, Pl.'s Second Set of Disc., Doc. No. 44-2.) RFP 16 requests the personnel file of each person identified in response to Interrogatory 12, which, in turn, asks the Westminster Defendants to "identify all employees in the Accounting Department before, during and after [Ms.] Rains' employment and for each person identified, state the courses that person taught during the period from July 2013 to January 2020." (Second Suppl. Resps. 9, 16, Doc. No. 34.) RFP 24 requests the personnel file of defendant Melissa Koerner. (*Id.* at 17.) RFPs 25 through 36 (first set) and 1 through 3 (second set) request the personnel files of fourteen other named individuals. (*Id.* at 18–21; Pl.'s Second Set of Disc. 5, Doc. No. 44-2.) The Westminster Defendants objected to these RFPs on the basis that they are "overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and disproportional to the needs of the case." (Second Suppl. Resps. 16–21, Doc. No. 34.) Their response also states personnel files contain "sensitive personal information" and "are not subject to broad disclosure," citing *Regan-Touhy v. Walgreen Company*, 526 F.3d 641 (10th Cir. 2008). (*Id.*)

---

[1] Pursuant to Local Rule DUCivR 37-1(b)(5)(B), the court finds oral argument unnecessary and decides the motion based on the parties' written briefing.

2

In her motion, Ms. Rains asserts she is seeking personnel files of similarly situated employees and decisionmakers in connection with her employment discrimination claim. (Mot. 2–3, Doc. No. 31.) With respect to the overbreadth objection, she contends Interrogatory 12 and RFP 16 cover a "list of not more than 20 employees,"[2] and notes she agreed to amend her request to omit social security numbers and medical information. (*Id.* at 2.) She argues *Regan-Touhy* is inapplicable because it is not an employment discrimination case. (*Id.* at 3.) With respect to the named individuals whose personnel files are requested, Ms. Rains asserts Ms. Koerner is a proper comparator because she and Ms. Koerner were both supervised by the same dean. (*Id.*) The motion does not address the other individuals named in RFPs 25 through 36.

In opposition, the Westminster Defendants argue they should not be compelled to produce personnel files in their entirety because these files contain information collateral to the case, such as tax and benefit information. (Opp'n 3, Doc. No. 41.) They contend the request for Ms. Koerner's file is overbroad for this reason. (*Id.*) They argue Ms. Rains failed to show the relevance of the other personnel files sought. (*Id.*)

Rule 26 of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To prove a Title VII discrimination claim, a plaintiff may offer "evidence that [she] was treated differently from other similarly situated, nonprotected employees who violated work rules of comparable seriousness." *Green v. New Mexico*, 420 F.3d 1189, 1194 (10th Cir. 2005) (internal quotations marks omitted). "A similarly

---

[2] In response to Interrogatory 12, the Westminster Defendants referred Ms. Rains to Westminster College's historical course catalogue on its website instead of identifying employees. (*See* Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. 9, Doc. No. 34.) Ms. Rains characterizes this as a refusal to answer the interrogatory, (Mot. 2, Doc. No. 31), but her motion does not request any relief directly related to this response.

situated employee is one who deals with the same supervisor and is subject to the same standards governing performance evaluation and discipline." *Id.* (internal quotation marks omitted). "Work histories, company policies applicable to the plaintiff and the comparator, and other relevant employment circumstances should be considered when determining whether employees are similarly situated." *Id.*

In support of her discrimination claim, Ms. Rains alleges she was treated differently than similarly situated male professors and/or those who were members of the Church of Jesus Christ of Latter-day Saints ("LDS Church"), including some of the individuals named in the disputed RFPs. (*See, e.g.*, First. Am. Compl. ¶¶ 22, 40–41, 46–48, 50, Doc. No. 8-2.) Specifically, she makes detailed allegations that she was treated differently than her similarly situated male predecessor, Donald Saxon, (*id.* ¶¶ 22, 40–43, 45), and similarly situated male and/or LDS Church-member professors Cliff Hurst, (*id.* ¶¶ 42, 46), Jerry Van Os, (*id.* ¶ 47), Rick Haskell, (*id.* ¶ 50), and Ron Mano, (*id.* ¶ 48). The personnel files of these allegedly similarly situated employees are relevant to Ms. Rains' Title VII claim that she was subjected to disparate treatment on the basis of her gender and religion. Although these files are likely to contain some sensitive information which is irrelevant to Ms. Rains' claims, such information may be withheld or redacted. Indeed, as Ms. Rains acknowledges, tax information, medical records, and social security numbers need not be produced. (*See* Reply 2, Doc. No. 44.) Subject to these limitations, the requests for the personnel files of these allegedly similarly situated employees are relevant and proportional to the needs of the case. Accordingly, the Westminster Defendants must produce the personnel files of Donald Saxon, Cliff Hurst, Jerry Van Os, Rick Haskell, and Ron Mano, but may withhold or redact tax information, medical records, and social security numbers.

The Westminster Defendants' reliance on *Regan-Touhy* does not compel a different result. In that case, the Tenth Circuit noted that "personnel files often contain sensitive personal information, . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy*, 526 F.3d at 648. But, as Ms. Rains notes, *Regan Touhy* was not an employment discrimination case, and it does not address whether personnel files of similarly situated employees are relevant and discoverable in such cases. Further, concerns regarding disclosure of sensitive personal information are alleviated by permitting the Westminster Defendants to withhold or redact certain sensitive information, as set forth above. The Westminster Defendants also rely on *Mestas v. Town of Evansville*, which cited *Regan-Touhy* in denying a motion to compel production of personnel files in an employment discrimination case. No. 17-CV-017-F, 2017 U.S. Dist. LEXIS 220474, at *10–11 (D. Wyo. July 21, 2017) (unpublished). However, the court in that case found the plaintiff did not demonstrate how the coworkers were similarly situated. *Id.* at *10. Here, by contrast, Ms. Rains' complaint contains detailed allegations that certain male coworkers who were members of the LDS Church were similarly situated yet treated more favorably.

However, Ms. Rains has not demonstrated the other personnel files she requested are relevant or discoverable. Although she argues Ms. Koerner is a "comparator," her complaint alleges Ms. Koerner was her supervisor who discriminated against her. (*See* First Am. Compl., ¶¶ 3, 22–23, Doc. No. 8-2.) Therefore, Ms. Koerner is not similarly situated for purposes of Ms. Rains' Title VII discrimination claim. Ms. Rains also summarily asserts Ms. Koerner's personnel file is relevant to her negligent hiring, retention, and supervision claim. But this argument is not further developed, and the complaint lacks specific factual allegations explaining how Westminster College's hiring, retention, or supervision of Ms. Koerner was negligent. (*See*

5

First Am. Compl. ¶¶ 108–11, Doc. No. 8-2.) Thus, Ms. Rains has not demonstrated Ms. Koerner's personnel file is relevant to this claim. Ms. Rains also does not explain how the other individuals whose files she requested were similarly situated employees, or how their files are otherwise relevant. Although she mentions she requested personnel files of decisionmakers, she does not explain how such files are relevant to her claims.

For these reasons, Ms. Rains' motion is granted as to her requests for the personnel files of Donald Saxon, Cliff Hurst, Jerry Van Os, Rick Haskell, and Ron Mano, subject to the limitations set forth above. The motion is denied without prejudice as to her requests for other personnel files. If Ms. Rains files a new motion regarding the other personnel files, she must include specific arguments as to why these files are relevant to her claims.

### Other Requests

The remaining RFPs listed in the introductory paragraph of Ms. Rains' motion are not substantively addressed in the motion. Ms. Rains' only arguments in the motion concern production of personnel files. (*See* Mot. 2–3, Doc. No. 31.) RFPs 19 and 37 through 39 do not mention personnel files, and the motion contains no arguments related to these requests.[3] (*See id.*; Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. 16, 21–22, Doc. No. 34.) Because the motion lacks argument regarding these requests, the court denies Ms. Rains' motion without prejudice as to RFPs 19 and 37 through 39 of her first set of discovery requests.

---

[3] Ms. Rains filed a reply containing arguments regarding RFPs 19 and 37 through 39. (Doc. No. 44.) However, replies are not permitted for short form discovery motions under the local rules. *See* DUCivR 37-1(b). Moreover, raising these arguments for the first time in a reply denies the Westminster Defendants an opportunity to respond to them. Accordingly, the court does not consider Ms. Rains' arguments related to these requests in her reply.

**Conclusion**

Ms. Rains' motion to compel, (Doc. No. 31), is GRANTED in part and DENIED in part. The motion is granted as to the requests for the personnel files of Donald Saxon, Cliff Hurst, Jerry Van Os, Rick Haskell, and Ron Mano. The Westminster Defendants are ORDERED to produce these personnel files within fourteen days, subject to the following limitations: the Westminster Defendants may withhold or redact tax documents, social security numbers, and medical records. If the Westminster Defendants seek to withhold or redact any other categories of sensitive, irrelevant information, the parties shall meet and confer in good faith and may file a new motion if a dispute remains.

The motion is denied without prejudice as to all other requests. If discovery disputes remain regarding these requests, Ms. Rains may file a new motion (or motions) with specific arguments related to each request. Overlength briefing may be requested if necessary.

DATED this 1st day of February, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge