FILED
2022 FEB 1 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE and MELISSA KOERNER,<br><br>Defendants. | **ORDER GRANTING IN PART PLAINTIFF'S SHORT FORM MOTION TO COMPEL AND FOR IN CAMERA REVIEW (DOC. NO. 32)**<br><br>Case No. 2:20-cv-00520<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Emily Sharp Rains brought this action against her former employer, Westminster College, and her former supervisor, Melissa Koerner (collectively, the "Westminster Defendants"), following her termination from a faculty position at Westminster College. (*See generally* First Am. Compl., Doc. No. 8-2.) Ms. Rains has asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and breach of contract, among other claims. (*Id.* ¶¶ 77–87, 98–102.)

Before the court is Ms. Rains' Short Form Motion to Compel and for In Camera Review, ("Mot.," Doc. No. 32). Ms. Rains seeks to compel production of documents and communications responsive to her requests for production ("RFPs") 4, 13, and 18 from her first set of discovery requests, concerning her hiring and termination, investigations into complaints by or about her, and complaints against professor Rick Haskell.[1] (*Id.* at 1–3.) Ms. Rains also

---

[1] The motion also references RFPs 16, 19, and 24 through 39 of Ms. Rains' first set of discovery requests and RFPs 1 through 3 of her second set of discovery requests. (Mot. 2, Doc. No. 32.) However, the motion contains no argument regarding these requests, and many of these requests

1

seeks to compel the Westminster Defendants to produce a privilege log which complies with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, and she seeks in camera review of the documents listed in the privilege log. (*Id.* at 1–2.) The Westminster Defendants oppose the motion. (Opp'n, Doc. No. 40.)

Based upon the parties' briefing[2] and for the reasons explained below, the court grants the motion in part. The motion is granted to the extent it seeks to compel production of documents responsive to RFP 4, nonprivileged documents responsive to RFPs 13 and 18, and an amended privilege log. The court orders supplemental briefing regarding the Westminster Defendants' claim of privilege.

### RFP 4: Hiring and Termination

RFP 4 requests "documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period." (Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. ("Second Suppl. Resps.") 12, Doc. No. 34.) The Westminster Defendants did not object to this request but stated that responsive documents were produced with initial disclosures, and they provided a list of such documents identified by Bates number. (*Id.*)

Ms. Rains contends no documents or communications[3] were produced in response to RFP 4 in relation to her termination. (Mot. 3, Doc. No. 32.) In their opposition, the Westminster

---

are the subject of a separate motion filed by Ms. Rains. (*See* Pl.'s Short Form Mot. to Compel in Relation to Confidential Info., Doc. No. 31.) Accordingly, this order does not address these requests.

[2] Pursuant to Local Rule DUCivR 37-1(b)(5)(B), the court finds oral argument unnecessary and decides the motion based on the parties' written briefing.

[3] The Westminster Defendants do not appear to dispute that RFPs 4, 13, and 18 encompass a request for communications. To support her request for communications, Ms. Rains also

Defendants assert that they produced "several hundred pages of documents" responsive to this request, including internal memoranda and communications. (Opp'n 2, Doc. No. 40.) The Westminster Defendants attached a declaration from a Westminster College employee, Natalie Seely, who "coordinated the college's efforts to obtain documents and information responsive to Plaintiff's discovery requests." (Ex. A to Opp'n, Decl. of Natalie Seely ("Seely Decl.") ¶ 4, Doc. No. 40-1.) Ms. Seely states she "searched the files of the College's relevant departments" and "requested the College's information technology staff to search available electronic databases." (*Id.* ¶ 5.) Regarding RFP 4, she states "all materials relating to this request that we identified were provided to our counsel in this case." (*Id.* ¶ 6.)

Where no objection to the request has been raised, the Westminster Defendants must produce all documents in their possession, custody, or control responsive to RFP 4. *See* Fed. R. Civ. P. 34(a)(1), (b)(2)(B). The Westminster Defendants have not demonstrated they have met this obligation. Ms. Seely's description of the search for documents is too vague to permit the court to determine whether a diligent search was conducted. And although Ms. Seely states all identified documents were provided to counsel, the opposition brief does not indicate whether all such documents were produced to Ms. Rains. The Westminster Defendants' representation that "several hundred pages" were produced is insufficient to show all responsive documents were produced after a diligent search.

---

references RFP 2, which requests "all communications concerning the factual allegations[] or claims and issues in this lawsuit among or between: (a) The plaintiff and the defendant; (b) The defendant(s) and investigators; and (c) The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s), and any other College employee(s)." (Ex. B to Mot., Second Suppl. Resps. 11, Doc. No. 34.)

Therefore, Ms. Rains' motion is granted as to RFP 4. The Westminster Defendants are ordered to conduct a diligent search and to produce all documents (including communications) responsive to RFP 4 within thirty days.

### RFP 13: Investigations

Ms. Rains alleges she was "subjected to multiple investigations which were conducted as a pretextual basis for a wrongful termination that Westminster was planning." (Mot. 2, Doc. No. 32; *see also* First Am. Compl. ¶¶ 53–54, 56–59, Doc. No. 8-2.) She alleges Westminster College hired an outside investigator, Matt Durham, to conduct one of these investigations. (First Am. Compl. ¶¶ 57–58, Doc. No. 8-2.) She also alleges she made complaints about discrimination to Westminster College which were not properly investigated. (*Id.* ¶¶ 54, 59, 61, 63.)

RFP 13 requests "documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged." (Ex. B to Mot., Second Suppl. Resps. 15, Doc. No. 34.) The Westminster Defendants objected that this request was vague and overbroad, asserted many responsive documents were protected under the attorney-client privilege and work-product immunity, and stated "[n]on-privileged documents potentially responsive to this request have already been disclosed in initial disclosures." (*Id.*) Their supplemental response indicates two additional pages were produced in response to this request. (*Id.*)

In her motion, Ms. Rains explains she has received two versions of a report prepared at the conclusion of Mr. Durham's investigation, but no other documents related to the investigations has been produced. (Mot. 2–3, Doc. No. 32.) She argues the Westminster Defendants waived any privilege with respect to Mr. Durham's investigation by disclosing this report. (*Id.* at 3.) She also argues the Westminster Defendants' privilege log does not comply

4

with the requirements of Rule 26 because it does not contain Bates numbers and because the descriptions of documents are vague. (*Id.*)

In opposition, the Westminster Defendants state they have produced "hundreds of documents" which "potentially satisfy RFP 13," including records of Ms. Koerner's supervision of Ms. Rains. (Opp'n 2, Doc. No. 40.) In her supporting declaration, Ms. Seely states "[t]here is no record of Plaintiff ever lodging formal bias complaints." (Seely Decl. ¶ 7, Doc. No. 40-1.) The Westminster Defendants argue all documents related to Mr. Durham's investigation apart from the final report are subject to attorney-client privilege, and they assert their privilege log complies with Rule 26. (Opp'n 3, Doc. No. 40.)

The Westminster Defendants' objections to RFP 13 based on vagueness and overbreadth are overruled. Given the allegations in Ms. Rains' complaint, this request is sufficiently clear, and it seeks discovery directly relevant to Ms. Rains' claims which is proportional to the needs of the case. Accordingly, the Westminster Defendants must produce all nonprivileged documents in their possession, custody, or control responsive to this request.

The Westminster Defendants have not demonstrated they have met this obligation. Ms. Seely's declaration is insufficient to show all nonprivileged documents responsive to RFP 13 were produced. The declaration indicates only that there was no record of "formal" complaints lodged by Ms. Rains, but RFP 13 is not limited to investigations of formal complaints. And Ms. Seely does not address investigations of complaints *about* Ms. Rains, which are requested in RFP 13. As noted above, Ms. Seely's description of her search is also too vague to permit the court to determine whether a diligent search was conducted.

With respect to the Westminster Defendants' claim of privilege, Rule 26 requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is

5

privileged or subject to protection as trial-preparation material," the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

The Westminster Defendants' privilege log does not comply with this requirement. Ms. Rains filed a privilege log from the Westminster Defendants dated May 25, 2021, and a revised privilege log dated June 25, 2021, which provides additional information. (*See* Ex. G to Mot., Def. Westminster College's Privilege Log (May 25, 2021), Doc. No. 34-5; Ex. H to Mot., Def. Westminster College's Privilege Log (June 25, 2021) ("Revised Privilege Log"), Doc. No. 34-6.) Even with the additional information, the revised privilege log fails to comply with Rule 26. The log identifies a date, author, and recipient for each document, and states the type of privilege claimed. (Ex. H to Mot., Revised Privilege Log, Doc. No. 34-6.) However, the log's descriptions of the nature of the documents are impermissibly vague. The vast majority of the descriptions are some variation of: "Correspondence, analyzing pending litigation," or "Memorandum, discussing pending litigation." (*Id.*) It is impossible to discern from these descriptions what the documents are or the subject matter to which they relate. These descriptions do not enable other parties or the court to assess Westminster College's claims of privilege.

Therefore, Ms. Rains' motion is granted in part as to RFP 13. The Westminster Defendants are ordered to conduct a diligent search and to produce all nonprivileged documents (including communications) responsive to RFP 13 within thirty days. Westminster College is further ordered to provide an amended privilege log which complies with Rule 26 within seven days. The log must describe the subject matter of each document with sufficient specificity to

permit an assessment of the claim of privilege. Within fourteen days, the parties may file supplemental briefs regarding the Westminster Defendants' claim of privilege related to RFP 13, as set forth below.

### **RFP 18: Complaint Against Rick Haskell**

In her complaint, Ms. Rains alleges Westminster College professor Rick Haskell "had a reputation on campus for biased treatment of women" and "engaged in such treatment" of her during a faculty meeting. (First Am. Compl. ¶ 50, Doc. No. 8-2.) She alleges witnesses to this incident reported it to Westminster College's chief diversity officer and an investigation ensued, but she was never contacted, and Mr. Haskell was later promoted. (*Id.*) RFP 18 requests "all documents and communicat[ion]s related to the bias complaint(s) against Rick Haskell." (Ex. B to Mot., Second Suppl. Resps. 16, Doc. No. 34.) In response, the Westminster Defendants asserted that all responsive documents were protected under the attorney-client privilege. (*Id.*) Their supplemental response indicates two pages were produced in response to this request. (*Id.*)

In her motion, Ms. Rains contends documents related to the bias complaint are not privileged, and she argues the Westminster Defendants' privilege log does not comply with the requirements of Rule 26. (Mot. 3, Doc. No. 32.) In opposition, the Westminster Defendants argue that although "informal complaints were voiced," the only nonprivileged document responsive to RFP 18 is an email from Westminster Colleges's human resources director asking if Ms. Rains wished to make a formal complaint, and Ms. Rains' response—which they produced. (Opp'n 2, Doc. No. 40.) They assert the only other responsive document is "privileged communication between President Dobkin and General Counsel Holmes discussing the informal complaint against Mr. Haskell, and its resolution." (*Id.*) They claim this document is identified in their privilege log of November 29, 2018. (*Id.*) They also refer to the Ms.

7

Seely's declaration, which states that "despite searching our databases and files, we did not identify any documents reflecting any formal complaints made against Rick Haskell." (Seely Decl. ¶ 7, Doc. No. 40-1.)

Ms. Seely's declaration is insufficient to show all nonprivileged documents responsive to RFP 18 were produced. The declaration indicates only that no documents reflecting "formal" complaints were found, but RFP 18 is not limited to formal complaints. Ms. Seely's description of her search is also too vague to permit the court to determine whether a diligent search was conducted. Further, for the reasons explained above, Westminster College's revised privilege log does not comply with the requirements of Rule 26.[4] It is impossible to determine which documents listed are responsive to RFP 18 or to assess the claim of privilege for such documents.

Therefore, Ms. Rains' motion is granted in part as to RFP 18. The Westminster Defendants are ordered to conduct a diligent search and to produce all nonprivileged documents (including communications) responsive to RFP 18 within thirty days. Westminster College must provide an amended privilege log which complies with Rule 26 within seven days, and the parties may file supplemental briefs regarding the Westminster Defendants' claim of privilege related to RFP 18 within fourteen days, as set forth below.

**Conclusion**

Ms. Rains' motion to compel, (Doc. No. 32), is granted in part, and the court ORDERS as follows:

---

[4] The Westminster Defendants' opposition refers to a November 29, 2018 privilege log, but no privilege log with that date appears in the record for this motion, and the court was unable to locate such a document anywhere in the record for this case.

1. Within thirty days, the Westminster Defendants shall conduct a diligent search and produce all documents responsive to RFP 4 and all nonprivileged documents responsive to RFPs 13 and 18. To facilitate this search, the parties shall meet and confer regarding search terms for electronically stored information (ESI). The Westminster Defendants shall also provide a sworn statement to Ms. Rains that after a diligent search, all responsive documents have been produced.

2. Within seven days, Westminster College shall provide an amended privilege log which complies with Rule 26. The log must describe the subject matter of each document with sufficient specificity to permit an assessment of the claim of privilege.

3. Within fourteen days, each party may file a supplemental brief of no more than fifteen pages supporting or opposing the Westminster Defendants' claim of privilege for documents related to Mr. Durham's investigation, complaints against Rick Haskell, and any other documents listed in the amended privilege log. The parties' briefing may address the claims of privilege as they relate to Ms. Rains' discovery requests at issue in this motion, as well as to Ms. Rains' subpoena which is the subject of the Westminster Defendants' motion to quash, (Doc. No. 39). The parties may attach any relevant evidence supporting their positions. If, after reviewing the briefing, the court determines in camera review is necessary to resolve the dispute, the court will order the Westminster Defendants to submit the documents for review.

DATED this 1st day of February, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge