FILED
2022 FEB 1 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>    Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE and MELISSA KOERNER,<br><br>    Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM MOTION TO COMPEL AND/OR FOR SANCTIONS FOR SPOLIATION (DOC. NO. 33)**<br><br>Case No. 2:20-cv-00520<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Emily Sharp Rains brought this action against her former employer, Westminster College, and her former supervisor, Melissa Koerner (collectively, the "Westminster Defendants"), following her termination from a faculty position at Westminster College. (*See generally* First Am. Compl., Doc. No. 8-2.) Ms. Rains has asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and breach of contract, among other claims. (*Id.* ¶¶ 77–87, 98–102.)

Before the court is Ms. Rains' Short Form Motion to Compel and/or for Sanctions for Spoliation, ("Mot.," Doc. No. 33), which seeks to compel production of certain requested documents and seeks sanctions for alleged spoliation. The Westminster Defendants oppose the motion. (Opp'n, Doc. No. 42.) Based upon the parties' briefing[1] and for the reasons explained below, the court grants the motion in part—to the extent it seeks production of documents

---

[1] Pursuant to Local Rule DUCivR 37-1(b)(5)(B), the court finds oral argument unnecessary and decides the motion based on the parties' written briefing.

responsive to Ms. Rains' request for production ("RFP") 20. The court denies without prejudice Ms. Rains' request for sanctions.

In her motion, Ms. Rains contends many documents responsive to her discovery requests, which the Westminster Defendants have asserted do not exist, either do exist or were destroyed in violation of the Westminster Defendants' duty to preserve them. (Mot. 3, Doc. No. 33.) For example, she asserts they failed to produce documents which she believes must exist related to her termination, internal investigations, a bias complaint against Rick Haskell, and "the Bethami Dobkin letter." (*Id.*) She also claims the Westminster Defendants failed to produce metadata, as she requested, and that they produced incomplete email threads without attachments. (*Id.*) Ms. Rains requests an order compelling production of these documents, or, in the alternative, entry of judgment against the Westminster Defendants for spoliation. (*Id.* at 1–2.) The court addresses these issues in turn below.

### Termination, Investigations, and Haskell Complaint (RFPs 4, 13, and 18)

Ms. Rains filed a separate discovery motion specifically addressing her requests for documents concerning her termination, investigations of complaints by or about her, and a complaint against Rick Haskell—which are RFPs 4, 13, and 18 of her first set of discovery requests. (*See* Pl.'s Short Form Mot. to Compel. and for In Camera Review, Doc. No. 32.) The court ordered the Westminster Defendants to conduct a diligent search and to produce all nonprivileged documents responsive to these RFPs within thirty days. Because these RFPs are addressed in a separate order, the court does not address them here.

### Bethami Dobkin Letter (RFP 20)

RFP 20 of Ms. Rains' first set of discovery requests asks for "the letter received by the College between October 2018 and December 2019 alleging misconduct by Bethami Dobkin and

all documents and communications related to this letter (including any investigations conducted by the College in response to this letter)." (Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. 17, Doc. No. 34.) The Westminster Defendants did not object to this request but responded that they "have not identified or located any such documents." (*Id.*)

In their opposition, the Westminster Defendants state: "Regarding the Bethami Dobkin letter, Defendants searched for documents responsive to RFP 18 [sic] as written and identified no such document." (Opp'n 3, Doc. No. 42.) They also refer to a declaration from Natalie Seely, the employee who coordinated the search for responsive documents, stating that "despite searching our records, we identified no document responsive to" RFP 20. (Ex. A to Opp'n to Pl.'s Short Form Mot. to Compel. and for In Camera Review, Decl. of Natalie Seely ¶ 9, Doc. No. 40-1.)

Where no objection to the request has been raised, the Westminster Defendants must produce all documents in their possession, custody, or control responsive to RFP 20. *See* Fed. R. Civ. P. 34(a)(1). The Westminster Defendants have not demonstrated they have met this obligation. Their opposition refers to the wrong RFP, and Ms. Seely's description of the search for documents is too vague to permit the court to determine whether a diligent search was conducted.

Therefore, Ms. Rains' motion is granted as to RFP 20. Within thirty days, the Westminster Defendants shall conduct a diligent search and produce all documents responsive to RFP 20. To facilitate this search, the parties shall meet and confer in good faith regarding search terms for electronically stored information (ESI). The Westminster Defendants shall also

provide a sworn statement to Ms. Rains that after a diligent search, all responsive documents have been produced.

### Metadata and Incomplete Email Threads

In her discovery requests, Ms. Rains defines the word "document" to include a request for metadata. (*See* Ex. N to Reply, Pl.'s First Set of Disc. 2, Doc. No. 46-2.) The Westminster Defendants do not object to her request for metadata, but instead argue all metadata has been provided. (Opp'n 2, Doc. No. 42.) They also represent they "have produced all emails in their possession and have not destroyed or failed to preserve any." (*Id.*)

Ms. Rains' motion does not adequately identify which of the documents produced by the Westminster Defendants lack metadata or contain incomplete email threads. Accordingly, her motion is denied without prejudice as to these issues. The court has ordered further searches and production of documents responsive to RFPs 4, 13, 18, and 20. If, after any supplemental production, Ms. Rains has reason to believe the Westminster Defendants have still failed to produce metadata and complete email threads with attachments, she should confer with the Westminster Defendants regarding the particular documents at issue. If a dispute remains after a meaningful conferral, Ms. Rains may file a new motion specifically identifying which documents she contends lack metadata or are incomplete, and outlining the basis for those contentions.

### Spoliation

Ms. Rains has not demonstrated, at this stage, that the Westminster Defendants engaged in spoliation. Therefore, her motion is denied without prejudice as to her request for sanctions based on spoliation. If, after any supplemental production, Ms. Rains still contends spoliation has occurred, she may file a new motion after meaningfully conferring with the Westminster Defendants on this issue.

**Conclusion**

Ms. Rains' motion, (Doc. No. 33), is granted in part and denied in part, and the court ORDERS as follows:

1.  The motion is granted as to RFP 20. Within thirty days, the Westminster Defendants shall conduct a diligent search and produce all documents responsive to RFP 20. To facilitate this search, the parties shall meet and confer regarding search terms for electronically stored information (ESI). The Westminster Defendants shall also provide a sworn statement to Ms. Rains that after a diligent search, all responsive documents have been produced.

2.  The motion is denied without prejudice as to metadata, incomplete email threads, and alleged spoliation. If, after any supplemental production, Ms. Rains believes these issues are not resolved, she may file a new motion after meaningfully conferring with the Westminster Defendants.

DATED this 1st day of February, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge