FILED
2022 FEB 1 PM 3:13
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE and MELISSA KOERNER,<br><br>　　　　Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM MOTION TO COMPEL DISCOVERY RELATED TO BACKGROUND CHECKS OF EMILY RAINS AND FOR SANCTIONS (DOC. NO. 50)**<br><br>Case No. 2:20-cv-00520<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Pro se Plaintiff Emily Sharp Rains brought this action against her former employer, Westminster College, and her former supervisor, Melissa Koerner (collectively, the "Westminster Defendants"), following her termination from a faculty position at Westminster College. (*See generally* First Am. Compl., Doc. No. 8-2.) Ms. Rains has asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and breach of contract, among other claims. (*Id.* ¶¶ 77–87, 98–102.)

　　　　Before the court is Ms. Rains' Short Form Motion to Compel Discovery Related to Background Checks of Emily Rains and for Sanctions, ("Mot.," Doc. No. 50). Ms. Rains seeks to compel the Westminster Defendants to supplement their responses to her request for admission ("RFA") 1 and Interrogatory 6, and to produce related documents, concerning background checks of Ms. Rains performed by Westminster College. (*Id.* at 1.) She also seeks unspecified sanctions. (*Id.*) The Westminster Defendants oppose the motion. (Opp'n, Doc. No.

1

51.) Based upon the parties' briefing[1] and for the reasons explained below, the court grants the motion in part and denies it in part.

**RFA 1**

RFA 1 states: "Admit that Westminster College performed a background check on Emily Rains[.]" (Ex. D to Mot., Def. Westminster College's Resps. to Pl.'s First Set of Reqs. for Admission 4, Doc. No. 50-4.) Westminster College objected on grounds that "[t]he term 'background check' is vague and undefined," and stated "[e]ven a cursory review of an applicant's credentials, such as reading a submitted resume, may constitute a 'background check.'" (*Id.*) Westminster College then admitted the request "subject to the foregoing objection." (*Id.*)

Ms. Rains asserts this response is inadequate. In a letter to the Westminster Defendants' counsel requesting a supplemental answer, Ms. Rains argued the term background check should be interpreted in the context of the "Employee Release Statement" she signed when she was hired, which stated: "I understand that investigative background inquiries are going to be made on myself. I understand that you will be requesting information from various Federal, State, Local, and other agencies which maintain records concerning my past activities related to my driving history, credit, criminal, civil, and other experiences." (Ex. E to Mot., Letter from Emily Rains to Benjamin Lusty (Nov. 19, 2021) 2, Doc. No. 50-5; *see also* Ex. A to Mot., Employee Release Statement (Aug. 23, 2013), Doc. No. 50-1.) In their opposition, the Westminster Defendants argue the motion is moot as to RFA 1 because Westminster College admitted the

---

[1] Pursuant to Local Rule DUCivR 37-1(b)(5)(B), the court finds oral argument unnecessary and decides the motion based on the parties' written briefing.

2

request and provided information regarding the scope of the background check it performed in response to Interrogatory 6. (Opp'n 3, Doc. No. 51.)

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

Westminster College's answer to RFA 1 fails to comply with this rule. Westminster College's statement that a "background check" includes merely reading a resume ignores the common usage of that term, as well as the parties' use of the term in the context of this case. (*See, e.g.*, First Am. Compl. ¶ 11 (alleging Ms. Rains signed an "Employment Release Statement" authorizing Westminster College to conduct a comprehensive background check prior to employment), ¶ 18 (alleging Ms. Rains was informed a second background check would be conducted), Doc. No. 8-2.) By qualifying its answer in this way, Westminster College failed to "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). Westminster College's response to Interrogatory 6 also fails to clarify its answer, because, as explained below, the response does not indicate whether background checks were performed on Ms. Rains.

The court overrules Westminster College's objection that the request is vague. Ms. Rains has sufficiently clarified the meaning of "background check" by reference to the Employment Release Statement, which is also referenced in her complaint. (*See* First. Am. Compl. ¶ 11, Doc. No. 8-2.)

3

Therefore, Ms. Rains' motion is granted as to RFA 1. Westminster College is ordered to supplement its answer to RFA 1 within fourteen days. If its answer is anything other than an unqualified admission, it shall specify any part admitted and qualify or deny the rest, or state in detail why it cannot truthfully admit or deny the request.

**Interrogatory 6**

Interrogatory 6 asks the Westminster Defendants to

> state whether the College performed a background check on Ms. Rains before, during[,] and after her employment and state the date(s) of each background check, the person(s) who directed the background check be performed, the person(s) responsible for conducting each background check and if no background check was performed, state the reason for the failure to perform a background check.

(Ex. B to Mot., Def. Westminster College's Second Suppl. Resps. to Pl.'s First Set of Disc. Reqs. ("Second Suppl. Resps.") 6, Doc. No. 50-2.) The Westminster Defendants did not object to this request and responded: "Westminster College conducts background checks for new hires. Background checks include criminal charges and convictions but generally not civil claims. Applicants must attest that the application information they submit is accurate and complete." (*Id.*)

The Westminster Defendants' response fails to provide the information requested in Interrogatory 6 and, therefore, is nonresponsive. The response addresses general practices regarding background checks for new hires, but it does not provide any information about specific background checks performed *on Ms. Rains*, which is the subject of Interrogatory 6.

Therefore, Ms. Rains' motion is granted as to Interrogatory 6. The Westminster Defendants are ordered to supplement their response to Interrogatory 6 by providing the requested information within fourteen days.

### RFP 1

Request for production ("RFP") 1 requests "all documents identified in, related to the answer, or relied upon in answering the following interrogatories." (Second Suppl. Resps. 11, Doc. No. 50-2.) The Westminster Defendants responded by referring Ms. Rains to a nearly 3,000-page range of documents. (*Id.*)

According to Ms. Rains, no documents were produced relating to background checks performed. (Mot. 3, Doc. No. 50.) In their opposition, the Westminster Defendants provide a narrower page rage of documents they claim are responsive to RFP 1 as it relates to Interrogatory 6. (Opp'n 3, Doc. No. 51.) However, Ms. Rains contends none of these documents relate to background checks. (Reply 3, Doc. No. 52.)

The Westminster Defendants' response is inadequate because it does not indicate whether all responsive documents in their possession, custody, or control have been produced in response to RFP 1, as it relates to Interrogatory 6. Further, the Westminster Defendants have been ordered to supplement their response to Interrogatory 6.

Therefore, the motion is granted as to RFP 1. The Westminster Defendants shall conduct a diligent search and produce all documents responsive to RFP 1, as it relates to Interrogatory 6, within thirty days. To facilitate this search, the parties shall meet and confer regarding search terms for electronically stored information (ESI). The Westminster Defendants shall also provide a sworn statement to Ms. Rains that after a diligent search, all responsive documents have been produced.

### Request for Sanctions

Ms. Rains' motion does not contain any argument supporting her request for sanctions, nor does it specify what sanctions she is requesting. Therefore, her request for sanctions related to the Westminster Defendants' responses to RFA 1, Interrogatory 6, and RFP 1 is denied.

### Requirement to Meet and Confer

The Westminster Defendants allege Ms. Rains filed her motion without attempting to meet and confer with their counsel. (Opp'n 2, Doc. No. 51.) Although the motion contains a certification that Ms. Rains "complied with the requirements of Rule 37-1(a)(1)," (Mot. 2, Doc. No. 50), it appears from the briefing that she is referring to her letter to the Westminster Defendants' counsel on November 19, 2021. (*See* Ex. E to Mot., Letter from Emily Rains to Benjamin Lusty (Nov. 19, 2021), Doc. No. 50-5.)

The District of Utah's local rule governing discovery disputes requires the parties "make reasonable efforts to resolve a discovery dispute . . . before seeking court assistance," including at minimum, "a prompt written communication sent to the opposition party: (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times." DUCivR 37-1(a)(1)–(2). It does not appear Ms. Rains requested to meet and confer in person or by telephone before filing the motion, or that any such conferral took place.

In this instance, the court exercises its discretion to address Ms. Rains' motion on the merits despite the lack of adequate conferral. However, any future motion brought under Rule 37-1 must include a certification that the filing party attempted to meet and confer as required

6

under this rule. *See* DUCivR 37-1(b). The court may deny any motion which fails to meet this requirement. The court also reminds Ms. Rains that replies are not permitted under Rule 37-1.

### Conclusion

Ms. Rains' motion, (Doc. No. 50), is granted in part and denied in part, and the court ORDERS as follows:

1. Westminster College is ordered to supplement its answer to RFA 1 within fourteen days. If its answer is anything other than an unqualified admission, it shall specify any part admitted and qualify or deny the rest, or state in detail why it cannot truthfully admit or deny the request.

2. The Westminster Defendants are ordered to supplement their response to Interrogatory 6 by providing the requested information within fourteen days.

3. The Westminster Defendants shall conduct a diligent search and produce all documents responsive to RFP 1, as it relates to Interrogatory 6, within thirty days. To facilitate this search, the parties shall meet and confer regarding search terms for electronically stored information (ESI). The Westminster Defendants shall also provide a sworn statement to Ms. Rains that after a diligent search, all responsive documents have been produced.

DATED this 1st day of February, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge