UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS, <br><br> Plaintiff, <br><br> v. <br><br> WESTMINSTER COLLEGE, a Utah Corporation, MELISSA KOERNER, in her official and individual capacities. <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD DEFENDANT** <br> **(DOC. NO. 26)** <br><br> Case No. 2:20-cv-00520 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Emily Sharp Rains seeks to amend her complaint to add Richard Badenhausen as a defendant to her defamation and false-light invasion of privacy claims. (Mot. for Leave to File a Second Am. Compl. ("Mot."), Doc. No. 26.) Defendants Westminster College ("Westminster") and Melissa Koerner (collectively, the "Westminster Defendants") oppose this motion on grounds of undue delay and futility. (Mem. Opposing Mot. For Leave to Am. Compl. ("Opp'n"), Doc. No. 43.) Where the Westminster Defendants have not established Ms. Rains' motion to amend was unduly delayed, and where their futility arguments are more appropriately addressed in the context of dispositive motions, the court grants the motion to amend.[1]

## BACKGROUND

Ms. Rains brought this action against her former employer, Westminster, and her former supervisor, Ms. Koerner, in Utah state court in June 2020. (*See* Notice of Removal, Doc. No. 8 (noting the case was originally filed in June 2020).) She filed the First Amended Complaint on

---

[1] Pursuant to Local Civil Rule DUCivR 7-1(g), the court concludes oral argument is unnecessary and rules based on the parties' written memoranda.

June 17, 2020, alleging claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, breach of contract, defamation, and false-light invasion of privacy, among others. (First Am. Compl., Doc. No. 8-2.) Thereafter, the Westminster Defendants removed this case to federal court. (Notice of Removal, Doc. No. 8.)

In her complaint, Ms. Rains alleges Mr. Badenhausen made defamatory statements about her in an article published in the Chronicle of Higher Education ("the Chronicle") on June 16, 2020, while he was acting Provost of Westminster College. (First Am. Compl. ¶¶ 67–76, Doc. No. 8-2.) The article stated, "During my first week on the job, I . . . received notice that a faculty member in court had been found guilty of fraudulent behavior." (*Id.* ¶ 69.) Ms. Rains asserts Chronicle subscribers affiliated with Westminster would know the article referred to her because the timing coincided with Ms. Rains' termination. (*Id.*) Ms. Rains alleges Mr. Badenhausen's statements were false, defamatory, and gave publicity to a private matter which placed her in a false light—because she was never criminally charged or civilly accused of fraud. (*Id.* ¶¶ 70, 118, 130.) These allegations form the basis of Ms. Rains' claims against Westminster for defamation and false-light invasion of privacy. (*Id.* ¶¶ 117–32.)

On February 26, 2021, Ms. Rains received Westminster's response to her first set of discovery requests. (Mot. ¶ 11, Doc. No. 26.) Plaintiff's Interrogatory Number 17 requested: "Please state whether any action was considered or taken by the College regarding the article authored by Richard Badenhausen and published in the Chronicle of Higher Education entitled, '12 Tough Questions to Ask Yourself Before Becoming Provost.' If no action was taken, please explain why." (*Id.*) Westminster responded, stating "No action was taken because this article reflected only Mr. Badenhausen's experience and opinion and was not a statement of Westminster College." (*Id.*) Based on Westminster's response, Ms. Rains filed the present

2

motion to amend, seeking to add Mr. Badenhausen, in his individual capacity, as a defendant to the defamation and false-light claims. (*Id.* ¶ 13.)

Ms. Rains filed her motion for leave to amend on October 22, 2021. (Mot., Doc. No. 26.) At the time she filed her motion, the deadline to file motions to amend or add parties had expired on July 15, 2021. (Scheduling Order, Doc. No. 25.) But shortly afterward, the court extended this deadline to April 29, 2022, based on the parties' stipulation. (Am. Scheduling Order, Doc. No. 38.) Thus, Ms. Rains' motion was filed more than six months before the extended deadline.

## LEGAL STANDARD

A party may amend a complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* A district court's decision to grant or deny leave to amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The purpose for this approach is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

## DISCUSSION

The Westminster Defendants argue Ms. Rains' motion to amend should be denied because it was unduly delayed and adding Mr. Badenhausen as a defendant would be futile. (Opp'n, Doc. No. 43.)

**A. Undue Delay**

Courts may deny motions to amend on the basis of undue delay. *Lockheed Martin Corp.*, 558 F.3d at 1166. But "[l]ateness does not itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)). When determining whether a delay is undue, courts focus primarily on the reasons for the delay. *Id.* at 1206. The fact that a motion to amend is filed within the court's scheduling deadline is "evidence that delay was not undue." *Lauer v. Credit Collection Servs.*, No. 1:14-cv-00062, 2015 U.S. Dist. LEXIS 48601, at *1 (D. Utah Apr. 13, 2015) (unpublished).

The Westminster Defendants argue Ms. Rains offers inadequate reasons for amending her complaint more than a year after learning of Mr. Badanhausen's statements, and ten months after Westminster responded to the first set of discovery requests.[2] (Opp'n 3–5, Doc. No. 43.) The Westminster Defendants contend Ms. Rains "knew or should have known in February of 2021 that she would have to assert her claims against Mr. Badenhausen personally," and Ms. Rains provides no explanation for her delay. (*Id.* at 5.)

---

[2] As an initial matter, the Westminster Defendants' assertion that Ms. Rains filed her motion ten months after receiving the discovery response is incorrect. The Westminster Defendants acknowledge Ms. Rains received the discovery response on February 26, 2021, and filed her motion on October 22, 2021. (Opp'n ¶¶ 4–5, Doc. No. 43.) Based on these dates, Ms. Rains filed her motion only eight months after the discovery response.

Importantly, Ms. Rains filed her motion to amend before the scheduling order deadline, which is evidence the motion was not unduly delayed. And Ms. Rains adequately explains the delay. As Ms. Rains notes, she initially believed Mr. Badenhausen was acting in his official capacity as Provost when he made the statements and, therefore, Westminster would be liable for his statements. (*See* Mot. 9, Doc. No. 49.) It was not until Westminster answered Interrogatory Number 17 that Ms. Rains realized she needed to add Mr. Badenhausen as a defendant in his individual capacity. (Mot. ¶¶ 11–13, Doc. No. 26.) Additionally, as Ms. Rains notes, she is a pro se plaintiff who responded to multiple discovery disputes with immediate deadlines in the months following Westminster's response to Interrogatory Number 17. (*See* Pl.'s Reply to Opp'n ¶ 3, Doc. No. 49.) Moreover, at the time Ms. Rains moved to amend her complaint, the parties were in the early stages of litigation and discovery. Under these circumstances, Ms. Rains' motion was not unduly delayed.

In support of their position, the Westminster Defendants cite two cases, (Opp'n 5, Doc. No. 43), but they are both distinguishable. First, they cite *Blackburn v. United States*, No. 2:18-cv-00116, 2020 U.S. Dist. LEXIS 167998 (D. Utah July 14, 2020) (unpublished), where a plaintiff was denied leave to amend a complaint after filing the motion more than seventeen months after the deadline to file motions to amend passed. *See id.* at *6. In contrast, Ms. Rains filed her motion to amend within the scheduling order deadline—and only after learning of new information in discovery. Second, the Westminster Defendants cite *Leatherwood v. Rios*, 705 F. App'x 735 (10th Cir. 2017) (unpublished). In *Leatherwood*, the Tenth Circuit affirmed the district court's denial of leave to file a third amended complaint where the plaintiff had previously amended his complaint based on facts learned in discovery months earlier. *Id.* at 740. The court found he "knew or should have known of the facts upon which the proposed

5

amendment is based but failed to include them in his original or first amended complaint." *Id.* Here, Ms. Rains has not previously amended her complaint based on the new information she learned from Westminster's discovery response. Accordingly, these cases have limited applicability.

For these reasons, there was no undue delay which would justify denial of Ms. Rains' motion to amend.

### B. Futility

Futility is also a sufficient basis to deny leave to amend. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). However, it is within the court's discretion to decline to analyze futility in the context of a motion to amend where the arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished). Addressing such arguments in the context of a motion to amend "place[s] the cart before the horse." *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished) (internal quotation marks omitted), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017). In these circumstances, "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Id.*

In this case, the futility arguments would be more appropriately addressed in dispositive motions. The Westminster Defendants argue it would be futile to add Mr. Badenhausen as a defendant because the statute of limitations has run on the defamation and false-light invasion of privacy claims. (Opp'n 6–8, Doc. No. 43.) And they contend these claims do not relate back to the date of original filing under Rule 15(c)(1) of the Federal Rules of Civil Procedure. (*Id.* at 8–

9.) Rather than forcing statute-of-limitations and relation-back arguments into a Rule 15(a) opposition brief, these issues would be more appropriately addressed in the context of dispositive motions, with full briefing. This is particularly true where the Westminster Defendants do not allege bad faith or dilatory motive by Ms. Rains, nor do they argue they would suffer undue prejudice if the amendment were allowed. For these reasons, the court declines to engage in a futility analysis.

## CONCLUSION

Because the Westminster Defendants' futility argument is more appropriately addressed in a dispositive motion, and no other factors justifying denial of leave to amend are present, the court GRANTS Ms. Rains' motion to amend, (Doc. No. 26). Ms. Rains shall file the second amended complaint in the form found at Doc. No. 26-1 within fourteen days of the date of this order. Once filed on the docket, the second amended complaint will be the operative complaint in this case.

DATED this 26th day of April 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge