UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>     Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE; MELISSA KOERNER; and RICHARD BADENHAUSEN,<br><br>     Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT RICHARD BADENHAUSEN'S RULE 12(b)(6) MOTION TO DISMISS (DOC. NO. 67)**<br><br>Case No. 2:20-cv-00520<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Emily Rains originally brought this action against her former employer, Westminster College, and her former supervisor, Melissa Koerner, (collectively the "Westminster Defendants") following her termination.[1]  Ms. Rains asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964,[2] breach of contract, defamation, and false-light invasion of privacy, among other claims.[3]  Ms. Rains then filed a second amended complaint, adding Richard Badenhausen as a defendant.[4]  In this second complaint, Ms. Rains asserts claims against Dr. Badenhausen for defamation per se[5] and false-light invasion of privacy.[6]

---

[1] (*See* Am. Compl., Doc. No. 8-2.)

[2] 42 U.S.C. § 2000e *et seq.*

[3] (*See* Am. Compl., Doc. No. 8-2.)

[4] (Second Am. Compl., Doc. No. 62.)

[5] (*Id.* at ¶¶ 117–28.)

[6] (*Id.* at ¶¶ 129–32.)

Dr. Badenhausen moves to dismiss the claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that they exceed the statutes of limitation.[7] Specifically, Dr. Badenhausen argues (1) Ms. Rains' claims are barred under Utah's one-year statutes of limitation for defamation and false-light invasion of privacy, and (2) the relation-back doctrine does not apply because Dr. Badenhausen had no notice of the action before the statutes of limitation expired and Ms. Rains' failure to name Dr. Badenhausen was not due to a mistake regarding his identity.[8]  Ms. Rains opposes the motion, arguing the relation-back doctrine applies.[9]

After reviewing the briefs and record in this matter,[10] it is evident the statutes of limitation had expired for claims against Dr. Badenhausen by the time Ms. Rains filed her motion for leave to file her second amended complaint—and the relation-back doctrine does not cure this deficiency.  For these reasons, the undersigned[11] recommends the district judge grant the motion to dismiss[12] and dismiss the claims against Dr. Badenhausen with prejudice.

---

[7] (Def. Richard Badenhausen's Rule 12(b)(6) Mot. to Dismiss ("Mot."), Doc. No. 67.)

[8] (*Id.*)

[9] (Pl.'s Opp'n to Def. Richard Badenhausen's Mot. to Dismiss Pursuant to Rule 12(b)(6) ("Opp'n"), Doc. No. 69.)

[10] No oral argument is necessary.  Instead, the court bases its decision on the written memoranda, as permitted by Rule 7-1 of the Local Civil Rules.  *See* DUCivR 7-1(g).

[11] On September 15, 2020, District Judge Jill N. Parrish referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 19.)

[12] (Doc. No. 67.)

BACKGROUND

Ms. Rains was terminated from a faculty position at Westminster in October 2018.[13] Upon her termination, Ms. Rains received a dismissal letter stating that Westminster has an "'expectation of confidentiality around employment actions' and that '[a] breach of confidentiality in this matter will constitute egregious misconduct in violation of'" Westminster's faculty manual.[14]   On June 16, 2020, the Chronicle of Higher Education[15] published an article written by Dr. Badenhausen.[16]   On June 17, 2020, Ms. Rains filed her first amended complaint in state court, alleging the article is defamatory and constitutes false-light invasion of privacy, among other things.[17]   The Westminster Defendants subsequently removed this action to federal court.[18]

Ms. Rains' first amended complaint asserts nine different causes of action, including defamation per se and false-light invasion of privacy.[19]   But Ms. Rains originally brought the defamation and false-light invasion of privacy claims only against Westminster.[20]   Even though Ms. Rains asserted no claims against Dr. Badenhausen in her first amended complaint, the

---

[13] (Second Am. Compl. ¶ 22, Doc. No. 62 (alternation in original).)

[14] (*Id*. at ¶ 73 (alteration in original).)

[15] Ms. Rains asserts the Chronicle of Higher Education "is a resource used by Westminster faculty and administrators and the faculty and administrators for Colleges and Universities around the world, to find jobs, post jobs, and read about trends and challenges in academia." (*Id*. at ¶ 67.)

[16] (*See id.* at ¶ 68.)

[17] (*See* Am. Compl. ¶¶ 117–32, Doc. No. 8-2.)

[18] (Notice of Removal, Doc. No. 8.)

[19] (Am. Compl. ¶¶ 77–132, Doc. No. 8-2.)

[20] (*See id.* at ¶¶ 117–32.)

complaint identifies Dr. Badenhausen by name and position, and it details his role in Ms. Rains' termination and his involvement regarding the allegedly defamatory article.[21]

On February 26, 2021, Ms. Rains learned from a discovery response that Westminster views the article as Dr. Badenhausen's private statements, rather than statements made on behalf of Westminster.[22]  Eight months after learning this, on October 22, 2021, Ms. Rains filed a motion to amend the complaint, seeking to add Dr. Badenhausen as a defendant.[23]  Pursuant to an order granting her motion,[24] Ms. Rains filed her second amended complaint on April 29, 2022, naming Dr. Badenhausen as a defendant on count eight (defamation per se) and nine (false-light invasion of privacy).[25]  The factual allegations in the second amended complaint are the same as in the first amended complaint; the only change is the addition of Dr. Badenhausen as a defendant.[26]  On May 18, 2022, Dr. Badenhausen filed this motion to dismiss, arguing the

---

[21] (*See id.* at ¶¶ 54, 59, 68–76.)

[22] (*See* Pl.'s Mot. for Leave to File a Second Am. Compl. to Add Richard Badenhausen as a Def. ("Mot. to Amend") 6, Doc. No. 26; Opp'n 5, Doc. No. 69; Mot., Doc. No. 67 at 2.)

[23] (Mot. to Amend, Doc. No. 26.)

[24] (Mem. Decision and Order Granting Mot. for Leave to File Am. Compl. to Add Def. ("Order Granting Mot. to Amend"), Doc. No. 61.)

[25] (Second Am. Compl. ¶¶ 117–32, Doc. No. 62.)

[26] (*Compare* Am. Compl. ¶¶ 68–76, Doc. No. 8-2, *with* Second Am. Compl. ¶¶ 68–76, Doc. No. 62.)

claims asserted against him are barred by the statutes of limitation for defamation and false-light invasion of privacy, and they do not relate back to the date of the first amended complaint.[27]

<u>LEGAL STANDARDS</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for failure to state a claim upon which relief may be granted.  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[28]  In assessing plausibility, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.[29]  However, the court need not accept the plaintiff's conclusory allegations as true.[30]  Failure to satisfy a statute of limitations can render a claim implausible under Rule 12(b)(6) when the dates in the complaint make clear the claim is extinguished.[31]

---

[27] (Mot., Doc. No. 67); *see also* Fed. R. Civ. P. 15(c).

[28] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[29] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31] *See Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) ("[A] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." (citation and internal quotation marks omitted)); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) ("[W]here facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." (internal quotation marks omitted)); *see also White v. Wiseman*, No. 2:16-cv-01179, 2020 U.S. Dist. LEXIS 121908, at *22–24 (D. Utah July 9, 2020) (unpublished) (finding relation-back doctrine did not save claims filed outside the statute of limitations period from Rule 12(b)(6) dismissal); *Pliuskaitis v. USA Swimming, Inc.*, 243 F. Supp. 3d 1217, 1228–29 (D. Utah 2017) (granting defendant's Rule 12(b)(6) motion and holding plaintiff's complaint was deficient as a matter of law when filed outside the limitations period).

Rule 15 of the Federal Rules of Civil Procedure is also relevant here. Rule 15(c)(1) permits an amended pleading to relate back to an earlier, timely filed pleading even when the applicable statute of limitations has run when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and . . . the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[32]

When an amended complaint filed after expiration of the statute of limitations seeks to add a new defendant, Rule 15(c)(1)(C) controls,[33] and a plaintiff must satisfy three elements: (1) the amended complaint asserts a claim that arises out of the same transaction or occurrence set out in the original pleading; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) the new party knew or should have known that but for a mistake in identity the action would have been brought against her.[34]

---

[32] Fed. R. Civ. P. 15(c)(1).

[33] *See Yudin v. Univ. of Utah*, No. 2:13-cv-01063, 2014 U.S. Dist. LEXIS 81106, at *10 (D. Utah June 12, 2014) (unpublished) ("[R]ule 15(c)(1)(C) applies to an amendment that changes a party or the name of a party."); *see also White*, 2020 U.S. Dist. LEXIS 121908, at *22 (requiring a plaintiff to satisfy the requirements of Rule 15(c)(1)(C) when filing his amended complaint "after expiration of the statute of limitations, [and] incorporat[ing] a new defendant").

[34] *See Watson v. Unipress, Inc.*, 733 F.2d 1386, 1390 (10th Cir. 1984); *White*, 2020 U.S. Dist. LEXIS 121908, at *22; *see also Goodman*, 494 F.3d at 467 (articulating the same three elements).

<u>ANALYSIS</u>

Dr. Badenhausen contends the second amended complaint should be dismissed as to him for two reasons.  First, he contends the claims Ms. Rains asserts against him in the second amended complaint are barred by the applicable statutes of limitation.[35]  Next, Dr. Badenhausen argues the relation-back doctrine is inapplicable because he had no notice of the action before the limitation periods expired and Ms. Rains' failure to timely name Dr. Badenhausen as a defendant was not due to a mistake regarding his identity.[36]

## I.    Statutes of Limitation

Federal courts exercising supplemental jurisdiction over state law claims must apply the statutes of limitation of the forum state—in this case, Utah.[37]  Under Utah law, slander and libel claims (subsets of defamation) are subject to a one-year statute of limitations.[38]  False-light invasion of privacy claims flowing from the same set of operative facts supporting a defamation claim are subject to the same one-year statute of limitations.[39]  Because Utah Code § 78B-2-302

---

[35] (Mot., Doc. No. 67 at 4.)

[36] (*Id.* at 7.)

[37] *See Jenny Yoo Collection, Inc. v. Essense of Austl., Inc.*, No. 17-2666-JAR-GEB, 2019 U.S. Dist. LEXIS 59611, at *18 (D. Kan. Apr. 8, 2019) (unpublished) ("When a federal court presides over supplemental state law claims, state substantive law controls.  Statutes of limitations are . . . substantive law." (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))).  Ms. Rains' state-law claims of defamation and false-light invasion of privacy claims are "so related" to her federal Title VII claims, this court has supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367.

[38] Utah Code. Ann. § 78B-2-302(4).

[39] *See Jensen v. Sawyers*, 2005 UT 81, ¶ 53 ("extend[ing] the one-year [statute of limitations] to false light invasion claims that flow from allegedly defamatory statements"); *see also Diamond Ranch Acad., Inc., v. Filer*, No. 2:14-cv-751, 2016 U.S. Dist. LEXIS 19210, at *56 (D. Utah Feb. 17, 2016) (unpublished) ("[C]laims based on the same operative facts that would support a

contains no tolling provision, the limitations period begins to run when the allegedly defamatory statement "is known or [] reasonably discoverable by the plaintiff."[40]  Further, "whe[n] an allegedly defamatory statement is published in a manner widely available to the public," it is deemed reasonably discoverable, and "the one-year statute begins to run on the date of first publication."[41]  Because Ms. Rains' claim for false-light invasion of privacy stems from the same set of operative facts supporting her defamation claim,[42] it is governed by the statute of limitations for defamation.[43]  Accordingly, Ms. Rains was required to file both claims within one year of the allegedly defamatory statement.

As alleged in both the first amended complaint and the second amended complaint, the article containing the allegedly defamatory statement was published on June 16, 2020.[44]  Ms. Rains filed her first amended complaint on June 17, 2020—one day after the article was published in the Chronicle.[45]  Ms. Rains alleges the Chronicle "is a resource used by Westminster faculty and administrators and [] faculty and administrators for Colleges and

---

defamation action are subject to the one-year statute of limitations." (alteration in original) (internal quotation marks omitted)).

[40] *Russell v. Std. Corp.*, 898 P.2d 263, 264 (Utah 1995).

[41] *Pliuskaitis*, 243 F. Supp. 3d at 1228; *see also Russell*, 898 P.2d at 264 ("[A]n alleged defamation is reasonably discoverable, as a matter of law, at the time it is first published and disseminated in a newspaper which is widely available to the public.").

[42] (*See* Second Am. Compl. ¶¶ 63–76, 117–32, Doc. No. 62.)

[43] *See Jensen*, 2005 UT 81, ¶ 53.

[44] (Am. Compl. ¶ 68, Doc. No. 8-2; Second Am. Compl. ¶ 68, Doc. No. 62)

[45] (*See* Am Compl., Doc. No. 8-2.)

Universities around the world."[46]  Where the article was published in a widely available manner

on June 16, 2020, and Ms. Rains filed claims based on the article only one day later, the statutes

of limitation for the allegedly defamatory statements began to run on the date of publication.

Accordingly, it is apparent from the face of the complaint that the statutes of limitation for both

claims expired on June 16, 2021—four months before Ms. Rains file her motion to amend on

October 22, 2021.[47]

   Based on the dates in the second amended complaint, the claims Ms. Rains asserts against

Dr. Badenhausen (defamation per se and false-light invasion of privacy)[48] had expired by the

time Ms. Rains moved to file her second amended complaint.  Accordingly, the second amended

complaint fails to state a plausible claim for relief as it pertains to Dr. Badenhausen unless it

relates back to Ms. Rains' timely filed first amended complaint under Rule 15.[49]

## II.     Relation-Back Doctrine

   To show an amended pleading relates back to the date of an earlier pleading, a plaintiff

must establish three elements: (1) the amended complaint asserts a claim arising out of the same

transaction or occurrence set out in the original pleading; (2) the new party had notice of the

---

[46] (Second Am. Compl. ¶ 67, Doc. No. 62.)  Similarly, Westminster asserts "the Chronicle of
Higher Education is a newspaper of national circulation with tens of thousands of subscribers."
(Mot., Doc. No. 67 at 6.)

[47] (*See* Mot. to Amend, Doc. No. 26.)

[48] (*See* Second Am. Compl. ¶¶ 117–32, Doc. No. 62.)

[49] (*See* Am. Compl., Doc. No. 8-2 (filed on June 17, 2020).)

action before the statute of limitations expired; and (3) the new party knew or should have known the action would have been brought against her but for a mistake in identity.[50]

The parties agree the first element—same transaction or occurrence—is satisfied.[51] However, their positions diverge as to whether Dr. Badenhausen had sufficient notice of the action and whether he knew or should have known he would have been included as a defendant but for a mistake in identity.

a.   *Dr. Badenhausen Had Sufficient Notice of the Action Before the Statutes of Limitation Expired.*

Dr. Badenhausen argues he had no notice Ms. Rains intended to sue him until she filed her motion to amend on October 22, 2021, four months after the statutes of limitation for the claims asserted against him had passed.[52] While the first amended complaint "clearly identified his speech as the target of the defamation claims," it did not name Dr. Badenhausen as a defendant.[53] Dr. Badenhausen contends the first amended complaint "instead expressly claimed that Westminster College was and should be liable for his conduct."[54] He argues it is "standard practice for employees not to be named as defendants even though their acts are alleged to trigger the employer's liability. Consequently, the fact that an employer is named as a defendant

---

[50] *See Watson*, 733 F.2d at 1390; *White*, 2020 U.S. Dist. LEXIS 121908, at *22; *see also Goodman*, 494 F.3d at 467.

[51] (*See* Mot., Doc. No. 67 at 8 (conceding "the [second] amendment may refer to the same occurrence as the original complaint."); Opp'n 9, Doc. No. 69 ("The first requirement of the 'relation back' test is satisfied because the first amended complaint and the second amended complaint contain verbatim allegations of fact.").)

[52] (*See* Mot., Doc. No. 67 at 8.)

[53] (*Id.*)

[54] (*Id.*)

does not serve to notify the employee of the potential claim against him personally."[55]  Dr. Badenhausen maintains that "[a]t no point did [Ms. Rains] indicate that she intended to sue or seek to collect damages against him."[56]

Ms. Rains argues Dr. Badenhausen was sufficiently put on notice because he "shares substantial identity of interest with [Westminster]" due to his "executive level position" such that "notice was imputed to [D]r. Badenhausen when [Westminster] received notice of the first amended complaint" on July 7, 2020.[57]  Additionally, Ms. Rains contends it is "not reasonably possible" that Westminster "never contacted [Dr. Badenhausen] or raised the litigation to his attention to either gather information or ask him questions" considering "the actions which give rise to the defamation and false light claims were [Dr]. Badenhausen's."[58]

In the context of Rule 15's relation-back doctrine, the addition or substitution "of a completely new defendant creates a new cause of action" which risks "undermin[ing] the policy upon which [a] statute of limitations is based."[59]  Nonetheless, the Tenth Circuit recognizes new parties can be added or substituted "where the new and old parties have such an identity of interest that it can be assumed that relation back will not prejudice the new defendant."[60]  This "identity of interest" method of imputing notice "means that the parties are so closely related in

---

[55] (*Id.*)  Dr. Badenhausen does not cite any authority for this proposition.

[56] (*Id.*)

[57] (Opp'n 10, Doc. No 69.)

[58] (*Id.* at 11–12.)

[59] *Graves v. Gen. Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969).

[60] *Id.*; *see also Young v. Farrar*, No. 10-4108-KHV, 2011 U.S. Dist. LEXIS 59000, at *6 (D. Kan. June 2, 2011) (unpublished) (citing *Graves*, for the same proposition).

their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[61]  Factors such as whether an individual to be added held administrative or supervisory duties and the extent of an the individual's involvement in the conduct leading to the cause of action are relevant to this analysis.[62]

For example, in *George v. Beaver County*,[63] a plaintiff sought to amend his pleadings to add parties pursuant to Rule 15(c)(1)(C), despite being barred by the applicable statute of limitations.[64]  The court concluded one of the parties to be added had received imputed notice under an identity-of-interest theory.[65]  In arriving at this conclusion, the court found the fact that the party to be added held a supervisory position and was involved in much of the conduct leading to the cause of action was particularly persuasive.[66]

Similarly, Dr. Badenhausen holds an executive level position at Westminster.  Currently, he is the dean of the honors college and he previously worked as the interim provost.[67]  These leadership roles reflect supervisory and administrative duties.  Additionally, Dr. Badenhausen is inextricably linked to the conduct and actions leading to Ms. Rains' defamation and false-light

---

[61] *George v. Beaver Cty.*, No. 2:16-cv-1076, 2019 U.S. Dist. LEXIS 5807, at *11–12 (D. Utah Jan. 11, 2019) (unpublished); *see also Garcia v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, No. 09-cv-322, 2010 U.S. Dist. LEXIS 155823, at *11–12 (D.N.M. Nov. 30, 2010) (unpublished).

[62] *See George*, 2019 U.S. Dist. LEXIS 5807, at *13–14.

[63] 2019 U.S. Dist. LEXIS 5807.

[64] *Id.* at *10.

[65] *See id.* at *11–14.

[66] *See id.* at *14.

[67] (Opp'n 10, Doc. No. 69.)

claims.  Indeed, he authored the allegedly defamatory article.[68]  Further, the Westminster

Defendants identified Dr. Badenhausen as a key witness in this case.[69]  The operations and

activities of Dr. Badenhausen and Westminster are so closely related that the parties share an

identity of interest sufficient to put Dr. Badenhausen on notice of this action within the relevant

one-year limitations period.  Therefore, this element is satisfied.

> b. *Dr. Badenhausen Did Not Know and Should Not Have Known that He Would Have Been Sued but for a Mistake of Identity.*

Dr. Badenhausen argues Ms. Rains "made no mistake of identity regarding the proper

defendant in this case," and Westminster College is responsible for the allegedly defamatory

statements.[70]  Dr. Badenhausen contends he "reasonably perceived [Ms.] Rains' decision not to

sue him (but instead press her claim against Westminster) as a deliberate strategic choice, rather

than a misapprehension of his role in the case."[71]

For her part, Ms. Rains argues "it is irrelevant what was in [her] mind . . . , or whether

she acted diligently to amend the complaint.  What is relevant is what was in the mind of the

defendant."[72]  She contends Dr. Badenhausen "knew that Westminster was being sued for his

---

[68] (*See* Second Am. Compl. ¶ 68, Doc. No. 62.)

[69] (*See* Opp'n 11, Doc. No 69 (referencing information provided in Westminster's initial disclosures).)

[70] (Reply Mem. in Support of Def. Richard Badenhausen's Rule 12(b)(6) Mot. to Dismiss ("Reply") 2, Doc. No. 70.)

[71] (*Id.*)

[72] (Opp'n 12, Doc. No. 69.)

conduct, which means he knew or should have known that but for a mistake of identity, he would be the one [] sued for the defamatory statements."[73]  Ms. Rains argues she

> does not believe she is mistaken about the identity of the proper party because she believes that Westminster is the proper party, not [D]r. Badenhausen. She believes this is so because [D]r. Badenhausen was acting in the scope of his employment when he wrote and published the defamatory statements, making Westminster the proper defendant as to the defamation and false light claims.[74]

Ms. Rains contends that "despite all the evidence that supports [her] assertion that she is not mistaken, she has no other choice but to act on Westminster's assertion that she was mistaken when she sued [it] for [Dr]. Badenhausen's article."[75]

According to the Supreme Court in *Krupski v. Costa Crociere S.p.A.*,[76] whether the new party knew or should have known the action would have been brought against her but for a mistake in identity hinges on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."[77]  "Information in the plaintiff's possession" may be relevant to the extent it bears on the "defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."[78] Delay by the plaintiff in moving to amend may also be relevant to the defendant's

---

[73] (*Id.* at 13.)

[74] (*Id.*)  The parties disagree as to whether the doctrine of *respondeat superior* applies in this case.  This issue is not currently before the court.  The discrete issue before the court is the correct application of Rule 15(c)'s relation-back doctrine.

[75] (*Id.* at 14.)

[76] 560 U.S. 538 (2010).

[77] *Id.* at 541.

[78] *Id.* at 548.

understanding.[79]  "[I]t would be error to conflate knowledge of a party's existence with the absence of mistake,"[80] because a plaintiff may still make a mistake of identity even when she is aware of the existence of both parties but misunderstands the role a party played in the "conduct, transaction, or occurrence giving rise to [the] claim."[81]  Nonetheless, when a plaintiff makes a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties," this is the "antithesis of making a mistake concerning the proper party's identity."[82]  This is because "[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose."[83]

The *Krupski* Court went on to examine *Nelson v. Adams USA, Incorporated*,[84] illustrating a situation where a decision to amend cannot be attributed to a mistake of identity.[85]  In *Nelson*, the defendant obtained a judgment for fees and costs against a corporation of which Mr. Nelson was the president and sole shareholder.[86]  After the defendant learned this corporation lacked funds to satisfy the judgment, it sought to amend its pleadings to add Mr. Nelson as a party.[87]

---

[79] *See id.* at 555.

[80] *Id.* at 548.

[81] *Id.* at 549 (internal quotation marks omitted).

[82] *Id.*

[83] *Id.* at 550.

[84] 529 U.S. 460 (2000).

[85] *See Krupski*, 560 U.S. at 551–52.

[86] *Nelson*, 529 U.S. at 465–67.

[87] *Id.*

Where "there was nothing in the initial pleading suggesting that [Mr.] Nelson was an intended party, [and] where there was evidence in the record . . . that [the defendant] sought to add [Mr. Nelson] only after learning that the company would not be able to satisfy the judgment," the Supreme Court noted this "countered any implication" of a mistake concerning the proper party's identity, and suggested instead that the defendant sought only to ensure the judgment would be paid.[88]

Similarly, nothing in Ms. Rains' earlier pleading suggests Dr. Badenhausen was an intended party.[89]  To the contrary, despite identifying him by name, identifying his position at Westminster, and describing in detail his role as author of the allegedly defamatory statements,[90] Ms. Rains chose not to assert any causes of action against Dr. Badenhausen in her first amended complaint.  Further, Ms. Rains' own statements make clear that she "does not believe she is mistaken about the identity of the proper party because she believes that Westminster is the proper party, not [D]r. Badenhausen."[91]  Instead, Ms. Rains seeks to add Dr. Badenhausen as a defendant solely in response to Westminster's position that he, and he alone, is liable for the allegedly defamatory statements.[92]  Similar to *Nelson*, this is not a case of mistaken identity but, rather, an attempt to ensure someone will be found liable.

---

[88] *Krupski*, 560 U.S. at 551–52 (internal quotation marks omitted).

[89] (*See* Am. Compl., Doc. No. 8-2.)

[90] (*See id.* at ¶¶ 53, 68–132.)

[91] (Opp'n 13, Doc. No. 69.)

[92] (*See id.* at 14.)

*Sweet v. Audubon Financial Bureau, LLC*[93] is also instructive.  In *Sweet*, the plaintiffs

moved to file an amended complaint after the statute of limitations had run, seeking to add two

defendants.[94]   Testimony taken during depositions suggested these two individuals may have

been responsible for the conduct giving rise to the plaintiffs' claims.[95]   The court held the claims

asserted against the individuals did not relate back under Rule 15.[96]   The court's decision as to

the first proposed defendant hinged on the fact that the plaintiffs' counsel had identified him, by

name, in a separate but related lawsuit against the same defendant: Audubon Financial Bureau,

LLC.[97]   The complaint in the related case alleged the proposed defendant owned, operated, and

ran Audubon.[98]   Based on this, the court determined counsel and, by extension, the plaintiffs,

knew of the proposed defendant's control of Audubon.[99]

The court considered this critical to determining what the proposed defendant would have

understood as to whether there was a mistake of identity by the *Sweet* plaintiffs.[100]   Rather than

thinking the plaintiffs made a mistake as to his identity, the proposed defendant "instead would

have suspected that [the p]laintiffs simply made a tactical decision to sue [] the corporation he

---

[93] No. CIV 13-258, 2016 U.S. Dist. LEXIS 189361 (D.N.M. June 27, 2016) (unpublished).

[94] *See id.* at *3–5.

[95] *See id.* at *4.

[96] *See id.* at *2, 7–10.

[97] *See id.* at *5–6.  Only the court's analysis as to the first proposed defendant is addressed here, as it is most instructive.

[98] *See id.*

[99] *See id.* at *8.

[100] *See id.* at *7–11.

co-owned and co-managed [] instead of suing him directly."[101]  Despite acknowledging the

allegations in the related case were "bare[] bones,"[102] the court determined the plaintiffs "had

sufficient (although concededly minimal) knowledge" to decide to raise claims against that

individual "throughout the duration of the lawsuit, and they [were] not entitled to a second

(untimely) bite at the apple."[103]

       The *Sweet* case is on point because Ms. Rains had much more than bare-bones

information regarding Dr. Badenhausen's identity and his involvement in the conduct giving rise

to her claims.  In her amended complaint (filed one day after publication of the allegedly

defamatory article), Ms. Rains named Dr. Badenhausen, identified his position at Westminster,

and described his role as author of the article.  Additionally, as of February 26, 2021, Ms. Rains

knew Westminster disclaimed responsibility for the statements in the article.  After learning of

Westminster's position, Ms. Rains had nearly four months remaining in the limitations period to

bring claims against Dr. Badenhausen.  Despite having the information necessary to decide

whether to do so, Ms. Rains did not move to amend her complaint until October 22, 2021—eight

months after learning of Westminster's position and four months after the statutes of limitation

expired.  Dr. Badenhausen reasonably believed Ms. Rains' failure to assert claims against him

was not due to any mistake of identity on her part, but was the result of Ms. Rains' deliberate

choice to sue Westminster instead.  Dr. Badenhausen relied on this belief for nearly four months

after the statutes of limitation had expired, giving him a "strong interest in repose."[104]

---

[101] *Id.* at *11.

[102] *Id.* at *7 (internal quotation marks omitted).

[103] *Id.* at *9.

[104] *Krupski*, 560 U.S. at 550.

Where Ms. Rains has not satisfied the third element under Rule 15(c)(1)(C), her second amended complaint does not relate back. Accordingly, the claims asserted against Dr. Badenhausen are barred by the statutes of limitation.

RECOMMENDATION

Because the statutes of limitation for the defamation and false-light invasion of privacy claims asserted against Dr. Badenhausen expired by the time Ms. Rains moved to amend her complaint, and because she cannot satisfy all three elements required under Rule 15(c)(1)(C) for a pleading to relate back, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss[105] and DISMISS the claims against Dr. Badenhausen with prejudice.

The court will send copies of this Report and Recommendation to all parties, who are notified of their right to object to it. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of December, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[105] (Doc. No. 67.)