UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EMILY SHARP RAINS,<br><br>          Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE and MELISSA KOERNER,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE DEPOSITION NOTICES (DOC. NOS. 112 & 114)**<br><br>Case No. 2:20-cv-00520<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Defendants Westminster College and Melissa Koerner (collectively, the "Westminster Defendants") seek protective orders striking two deposition notices served by plaintiff Emily Rains.[1]  On February 6, 2023, Ms. Rains served the Westminster Defendants with notices of a Rule 30(b)(6) deposition of Westminster College[2] and the deposition of Lisa Gentile.[3]  The Westminster Defendants now move to strike these deposition notices, arguing the Rule 30(b)(6) notice does not comply with the "reasonable particularity" requirement of Rule 30(b)(6) and is

---

[1] (Doc. Nos. 112, 114.)

[2] (*See* Ex. 1 to Defs.' Short Form Mot. for Protective Order Striking 30(b)(6) Notice of Dep. ("30(b)(6) Mot. to Strike"), Notice of Dep. of 30(b)(6) Representative(s) for Westminster College, Doc. No. 112-1.)

[3] (*See* Ex. B to Defs.' Short Form Mot. for Protective Order Striking Notice of Dep. of Lisa Gentile ("Gentile Mot. to Strike"), Notice of Dep. of Lisa Gentile, Doc. No. 114-3.)

untimely, and both notices were issued unilaterally without consideration of counsel's and witnesses' schedules.[4]  Ms. Rains opposes both motions.[5]

The Westminster Defendants have failed to demonstrate good cause justifying a protective order.  Although Ms. Rains has pursued the depositions of Westminster College and Ms. Gentile for nearly five months, the Westminster Defendants have failed to designate an appropriate Rule 30(b)(6) witness or to provide dates to reschedule Ms. Gentile's deposition—despite representations that they would do so.  Meanwhile, Ms. Rains has clarified and limited the scope of the topics for the Rule 30(b)(6) deposition.  Accordingly, the Westminster Defendants' motions are denied.[6]

## BACKGROUND

Ms. Rains, proceeding pro se, brought this action against her former employer, Westminster College, and Westminster employees Melissa Koerner and Richard Badenhausen, following her termination from a faculty position at Westminster College.[7]  Ms. Rains has

---

[4] (*See* 30(b)(6) Mot. to Strike 1, Doc. No. 112; Gentile Mot. to Strike 1, Doc. No. 114.)

[5] (Pl.'s Opp'n to Defs.' Short Form Mot. Striking Pl.'s Notices of Dep. ("Opp'n"), Doc. No. 115.)  Ms. Rains filed a single response opposing both of the Westminster Defendants' motions to strike.

[6] Oral argument is unnecessary; this decision is based on the parties' written memoranda.  *See* DUCivR 7-1(g).

[7] (*See generally* Second Am. Compl., Doc. No. 62.)  Richard Badenhausen has since been dismissed from this action.  (*See* R. & R. to Grant Def. Richard Badenhausen's Rule 12(b)(6) Mot. to Dismiss, Doc. No. 109; Order Adopting R. & R., Doc. No. 111.)

asserted claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964[8] and breach of contract, among other claims.[9]

In August 2022, Ms. Rains filed two motions to extend the fact discovery deadline to permit her to conduct five individual depositions.[10]  The court granted both motions and, on September 6, 2022, extended the fact discovery deadline to October 21, 2022.[11]  The next day, September 7, Ms. Rains issued a notice of a Rule 30(b)(6) deposition of Westminster College.[12] On September 11, 2022, Ms. Rains issued an amended Rule 30(b)(6) deposition notice in addition to nine individual deposition notices.[13]

On September 12, 2022, Ms. Rains filed a motion to extend the close of fact discovery and subsequent case deadlines to allow her to conduct a Rule 30(b)(6) deposition of Westminster

---

[8] 42 U.S.C. § 2000e *et seq.*

[9] (*See* Second Am. Compl. ¶¶ 77–87, 98–102, Doc. No. 62.)

[10] (*See* Doc. Nos. 72, 79.)

[11] (*See* Doc. Nos. 80, 82.)

[12] The Rule 30(b)(6) notice was executed September 6, 2022, but the email delivering it was sent on September 7, 2022.  (*See* Ex. 2 to 30(b)(6) Mot. to Strike, Email from Emily Rains to Benjamin Lusty (Sept. 7, 2022), Doc. No. 112-2; Ex. 3 to 30(b)(6) Mot. to Strike, Original 30(b)(6) Dep. Notice, Doc. No. 112-3.)

[13] (*See* Order Granting Pl.'s Mot. to Extend Disc. Deadlines, Den. Defs.' Mot. to Strike Dep. Notices, and Den. Pl.'s Req. for Sanctions ("Order Granting Pl.'s Mot.") 3, Doc. No. 103.)  On September 13, 2022, the Westminster Defendants objected to the Rule 30(b)(6) notice of deposition, arguing the notice was untimely and various topics were vague and overbroad.  (*See* Ex. 4 to 30(b)(6) Mot. to Strike, Defs.' Obj. to Notice of Dep., Doc. No. 112-4.)  Ms. Rains responded to those objections on September 20, 2022, limiting the temporal scope of her proposed topics.  (*See* Ex. 5 to 30(b)(6) Mot. to Strike, Letter from Emily Rains to Benjamin Lusty (Sept. 20, 2022), Doc. No. 112-5.)  The Westminster Defendants renewed their objections on September 22, 2022.  (*See* Ex. 6 to 30(b)(6) Mot. to Strike, Letter from Benjamin Lusty to Emily Rains (Sept. 22, 2022), Doc. No. 112-6.)

College and to depose the nine individuals.[14]  The Westminster Defendants opposed this motion,

arguing Ms. Rains had not been diligent in pursuing the depositions.[15]  The Westminster

Defendants also moved to strike deposition notices issued by Ms. Rains—specifically, a Rule

30(b)(6) deposition notice issued on September 7, 2022, an amended Rule 30(b)(6) deposition

notice issued on September 11, 2022, and seven of the individual deposition notices issued on

September 11, 2022 (including Ms. Gentile's deposition notice).[16]  On October 20, 2022, the

court granted Ms. Rains' motion, extended the close of fact discovery to March 3, 2023, and

denied the Westminster Defendants' motions to strike.[17]  The court also ordered the parties to

meet by videoconference on November 11, 2022, to schedule all remaining depositions.[18]

The parties participated in the court-ordered meeting and conferral on November 16,

2022.[19]  At this meeting, the parties scheduled some of the remaining depositions, setting Ms.

Gentile's for December 16, 2022.[20]  The parties also discussed the Westminster Defendants'

objections to Ms. Rains' original and amended Rule 30(b)(6) deposition notices, but ultimately

---

[14] (*See* Doc. No. 86.)

[15] (*See* Doc. No. 96.)

[16] (*See* Doc. Nos. 84 (Mot. to Strike Sept. 7, 2022, 30(b)(6) Dep. Notice), 87 (Mot. to Strike Am. 30(b)(6) Dep. Notice), 88 (Mot. to Strike Dep. Notice of Richard Badenhausen, Michael Menssen, and Matt Durham), 89 (Mot. to Strike Dep. Notice of Julie Freestone), 90 (Mot. to Strike Dep. Notice of Kathryn Holmes, 91 (Mot. to Strike Dep. Notice of Steve Morgan and Lisa Gentile).)

[17] (*See* Order Granting Pl.'s Mot. 8, Doc. No. 103.)

[18] (*Id.* at 6.)

[19] (*See* 30(b)(6) Mot. to Strike 2, Doc. No. 112; Opp'n 1–2, Doc. No. 115.)

[20] (*See* Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1.)

failed to schedule the Rule 30(b)(6) deposition.[21]  The Westminster Defendants claim the Rule 30(b)(6) deposition was not scheduled because the parties agreed Ms. Rains would provide an amended notice, at which time Westminster College would identify an appropriate witness and The Westminster Defendants would revisit their objections.[22]  Ms. Rains denies there was any such agreement, and claims the parties agreed to continue the meeting and conferral until counsel for the Westminster Defendants could determine whether a certain individual (Tamara Stevenson) would be a viable Rule 30(b)(6) witness for specific topics.[23]

On December 14, 2022, Ms. Rains cancelled the deposition of Lisa Gentile scheduled for December 16, 2022.[24]  In response to this cancellation, counsel for the Westminster Defendants indicated, "we will plan on finding a new date for [Ms. Gentile]'s deposition."[25]

On January 9, 2023, Ms. Rains sent a letter to counsel for the Westminster Defendants seeking a meeting and conferral to address outstanding discovery issues[26] and to schedule the remaining depositions, including the Rule 30(b)(6) deposition and that of Ms. Gentile.[27]  Counsel responded to Ms. Rains' letter on January 15, 2023, indicating he would "try to find dates for a

---

[21] (*See* 30(b)(6) Mot. to Strike 2, Doc. No. 112; Opp'n 2, Doc. No. 115.)

[22] (*See* 30(b)(6) Mot. to Strike 2, Doc. No. 112.)

[23] (*See* Opp'n 2, Doc. No. 115.)

[24] (*See* Ex. F to Opp'n, Email Commc'n Between Emily Rains and Benjamin Lusty (Dec. 14, 2022), Doc. No. 115-6.)

[25] (*Id.*)

[26] The issue currently before the court are the Westminster Defendants' motions to strike deposition notices.  Accordingly, any discovery issues are not properly before the court and are not considered at this time.

[27] (*See* Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2.)

rescheduled deposition of Lisa Gentile and evaluate our 30(b)(6) designees."[28]  Three weeks

later, on February 6, 2023, Ms. Rains sent a second letter which included deposition notices for a

Rule 30(b)(6) witness(es) and Ms. Gentile.[29]  The letter stated Ms. Rains "was forced to note

these depositions unilaterally, due to [counsel's] failure to follow up with [her] after committing

to do so during [the] November 16, 2022, meeting, and then again in [his] January 15, 2023

email."[30]

 The next day, on February 7, 2023, counsel for the Westminster Defendants responded,

asserting that unresolved objections to the Rule 30(b)(6) deposition notice precluded his ability

to designate an appropriate witness, indicating he had not proceeded with scheduling the

deposition because he was waiting for an amended notice from Ms. Rains (as agreed at the

November 16, 2022 meeting), and stating, "because I never received your amended 30(b)(6)

deposition notice, I assumed that you had decided not to pursue that deposition."[31]  As to Ms.

Gentile's deposition, the letter stated counsel would "inquire" whether the date on the deposition

notice would work for Ms. Gentile, but also indicated, "at this point, [counsel is] extremely

hesitant to subject her to any further inconvenience."[32]

---

[28] (Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[29] (*See* Ex. D to Opp'n, Second Letter from Emily Rains to Benjamin Lusty (Feb. 6, 2023), Doc. No. 115-4.)

[30] (*Id.*)

[31] (*See* Ex. E to Opp'n, Letter from Benjamin Lusty to Emily Rains (Feb. 7, 2023), Doc. No. 115-5.)

[32] (*Id.*)

Two days later, on February 9, 2023, the Westminster Defendants filed the current motions seeking protective orders to strike the Rule 30(b)(6) notice and Ms. Gentile's deposition notice.[33]   The court ordered a stay of the depositions at issue pending a ruling on these motions.[34]

## LEGAL STANDARDS

"[A] person may seek a protective order by a showing of good cause pursuant to" Rule 26(c) of the Federal Rules of Civil Procedure.[35]   The party seeking to "stop a deposition bears the burden of establishing good cause for the protective order."[36]   This burden is "not satisfied by conclusory statements.  Rather, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury."[37]   "When evaluating whether a movant has satisfied his burden of establishing 'good cause', a court should balance the non[]moving party's interest in completing the deposition and preparing for trial against the proffer of harm that would result from the deposition."[38]   "[C]ourts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions."[39]   Lastly, courts

---

[33] (Doc. Nos. 112, 114.)

[34] (*See* Doc. No. 116.)

[35] *Denson v. Corp. of the President*, No. 2:18-cv-00284, 2018 U.S. Dist. LEXIS 233227, at *2 (D. Utah Dec. 4, 2018) (unpublished) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.")

[36] *Denson*, 2018 U.S. Dist. LEXIS 233227, at *3.

[37] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

[38] *Denson*, 2018 U.S. Dist. LEXIS 233227, at *3.

[39] *Id.*

have "broad discretion to decide when a protective order is appropriate and what degree of protection is required."[40]

## ANALYSIS

### I.    *Rule 30(b)(6) Deposition Notice*

The Westminster Defendants oppose the 30(b)(6) deposition notice on three grounds: (1) it does not comply with the "reasonable particularity" requirement of Rule 30(b)(6); (2) it was served less than forty-five days before the close of fact discovery in violation Rule 30-2 of the District of Utah's Local Rules of Civil Practice; and (3) it was served unilaterally, without consideration of mutually convenient times.[41]  The Westminster Defendants have not shown good cause to strike the Rule 30(b)(6) deposition notice where Ms. Rains has limited and clarified the Rule 30(b)(6) deposition topics, the deposition should not be foreclosed on the grounds of untimeliness, and it was reasonable for Ms. Rains to unilaterally serve the notice under the circumstances.

#### a.    Reasonable Particularity

Because the Westminster Defendants have reasonable notice of Ms. Rains' proposed Rule 30(b)(6) deposition topics, sufficient to designate a responsive witness, their argument that the notice lacks reasonable particularity fails.

Rule 30(b)(6) provides that a deposition notice "must describe with reasonable particularity the matters for examination," and "[b]efore or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for

---

[40] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 U.S. Dist. LEXIS 82594, at *2 (D. Kan. Oct. 15, 2008) (unpublished); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[41] (30(b)(6) Mot. to Strike, 3–4, Doc. No. 112.)

examination."[42]  When a Rule 30(b)(6) notice is overbroad, an organization may be "faced with

an impossible task" of "preparing its representatives" to testify.[43]  Some courts construe the

reasonable particularity requirement as requiring a deposition notice to identify topics with

"painstaking specificity," while others articulate the standard as "whether [a noticed topic] places

the [deponent] upon reasonable notice of what is called for and what is not."[44]  While the Tenth

Circuit has not adopted one approach over the other, it has weighed in on what "reasonable

particularity" requires in the context of Rule 34.[45]  The Tenth Circuit interprets reasonable

particularity to mean "sufficiently definite and limited in scope that it can be said to apprise a

person of ordinary intelligence" of the request.[46]  It "depends at least in part on the

circumstances of each case."[47]  Where the court must interpret Ms. Rains' pro se filings

liberally,[48] the "reasonable notice" approach is fitting here.

---

[42] Fed. R. Civ. P. 30(b)(6).

[43] *City of Las Cruces v. United States*, No. 17-809 JCH/GBW, 2022 U.S. Dist. LEXIS 41506, at *10 (D.N.M. Mar. 9, 2022) (unpublished).

[44] *See City of Las Cruces*, 2022 U.S. Dist. LEXIS 41506, at *14 (alterations in original) (internal quotation marks omitted) (compiling cases).

[45] *See* Fed. R. Civ. P. 34(b)(1)(A) (providing a request for production must "describe with reasonable particularity each item or category of items to be inspected").

[46] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (internal quotation marks omitted).

[47] *Id.*

[48] *See Eliason v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 1:20-cv-00024, 2020 U.S. Dist. LEXIS 253255, at *3 (D. Utah May 11, 2020) (unpublished) ("[D]ocuments filed *pro se* are 'to be liberally construed.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

Rule 30(b)(6) also requires a corporation to make a "conscientious, good faith effort to designate knowledgeable persons."[49]  A Rule 30(b)(6) designee must be "knowledgeable and well informed in most areas of inquiry," but the rule does not require "[a]bsolute perfection."[50] "The mere fact that a designee [can] not answer every question on a certain topic does not necessarily mean that the corporation [has] failed to comply with its obligation" under the rules.[51]

The Westminster Defendants contend the Rule 30(b)(6) deposition notice does not comply with the reasonable particularity requirement.  They argue the notice provides no temporal limitations and the terms "hiring and firing practices," "background checks," "bias reporting," "the faculty manual," and "the college's accounting system" are so broad and vague as to be meaningless.[52]  The Westminster Defendants assert Westminster College could not "properly designate witnesses and adequately prepare them to give full and meaningful answers" based on the deposition notice as served.[53]  However, according to Ms. Rains, "there was no need to change the subjects [in the notice]" because the parties never agreed, in their conferrals,

---

[49] *Hem v. Toyota Motor Corp.*, No. 09-888 MCA/RLP, 2010 U.S. Dist. LEXIS 146883, at *2–3 (D.N.M. Jan. 28, 2010) (unpublished); *see also* Fed. R. Civ. P. 30(b)(6) ("The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.").

[50] *Health Grades, Inc. v. MDx Med., Inc.*, No. 11-CV-00520-PAB-BNB, 2013 U.S. Dist. LEXIS 59271, at *11–12 (D. Colo. Apr. 25, 2013) (unpublished).

[51] *Id.* at 12.

[52] (30(b)(6) Mot. to Strike 3, Doc. No. 112.)

[53] (*Id.*)

to "exclude any topic contained in the original [notice of deposition]."[54]  Instead, she contends

the parties addressed the Westminster Defendants' objections at the November 16 meeting, at

which time she "confirmed the scope of information she was looking to discover so [counsel]

could identify deponents."[55]  The Westminster Defendants' arguments fail.

First, in Ms. Rains' responses to the Westminster Defendants' Rule 30(b)(6) objections

and the November 2022 meeting and conferral, the parties significantly clarified and narrowed

the scope of the matters Ms. Rains intends to cover in the Rule 30(b)(6) deposition.  On

September 20, 2022, Ms. Rains explicitly narrowed the temporal scope of the Rule 30(b)(6)

deposition topics, indicating she sought responsive information from 2013 to the present[56]—a

position she confirmed at the parties' November meeting.[57]  Also at the November meeting, Ms.

Rains clarified the individuals and/or entities she sought information from or about with respect

to various topics.[58]

The Westminster Defendants' arguments hinge on the fact that Ms. Rain served a new,

but unamended, notice of Rule 30(b)(6) deposition on February 6, 2023—after the parties'

meeting and conferral.  But by then, Ms. Rains had already substantially narrowed and clarified

---

[54] (Opp'n 4, Doc. No. 115.)

[55] (*Id.*)

[56] (*See* Ex. 5 to 30(b)(6) Mot. to Strike, Letter from Emily Rains to Benjamin Lusty (Sept. 20, 2022), Doc. No. 112-5.)

[57] (*See* Ex. 7 to 30(b)(6) Mot. to Strike, Decl. of Benjamin Lusty, Doc. No. 112-7; Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1.)

[58] (*See* Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1 (limiting certain topics to the business school, business school faculty, deans, and faculty).)

the Rule 30(b)(6) deposition topics in consultation with the Westminster Defendants.  There is

no indication Ms. Rains intended to sidestep the parties' understanding by failing to amend the

deposition notice to reflect this clarification.  Although Rule 30(b)(6) requires the parties to

confer on the matters for examination (which they did), nothing in the rule requires Ms. Rains to

then amend her deposition notice once the parties have reached an understanding.

Further, the Westminster Defendants' supposition that Ms. Rains decided not to pursue

the Rule 30(b)(6) deposition because she did not amend the notice is unfounded.  Ms. Rains

pursued this deposition for nearly five months, after obtaining authorization from the court.[59]

Moreover, defense counsel's own words discredit this argument.  Less than a month before

making this claim to Ms. Rains, counsel for the Westminster Defendants represented he would

"evaluate [Westminster's] 30(b)(6) designees."[60]  The Westminster Defendants' actions fall

short of a "conscientious, good faith effort" to make an appropriate Rule 30(b)(6) designation.[61]

Next, the Westminster Defendants' contention that the terms "hiring and firing

practices," "background checks," "bias reporting," "the faculty manual," and "the college's

accounting system" are too broad and vague rings hollow.  Not only do the terms have a plain

meaning, defense counsel's declaration and notes from the November meeting show the parties

agreed on the scope of three out of five of these terms.[62]  Based on counsel's own

representations, only the scope of two topics—"bias reporting" and "faculty manual"—are

---

[59] (*See* Order Granting Pl.'s Mot., Doc. No. 103.)

[60] (Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[61] *Hem*, 2010 U.S. Dist. LEXIS 146883, at *2–3.

[62] (*See* Ex. 7 to 30(b)(6) Mot. to Strike, Decl. of Benjamin Lusty, Doc. No. 112-7; Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1.)

potentially still in question after the November 16 meeting.[63]  And counsel's notes from the

meeting indicate some progress was made with respect to these topics as well.[64]

> Where the parties have discussed, resolved, or clarified the topics contained in the Rule
30(b)(6) deposition notice—and where Rule 30(b)(6) does not require perfection from a Rule
30(b)(6) witness—Westminster College has reasonable notice of the deposition topics sufficient
to designate a responsive Rule 30(b)(6) witness.[65]

>    b.  Timeliness

> Next, the Westminster Defendants' argument of untimeliness is unsupported.  The

Westminster Defendants argue the Rule 30(b)(6) deposition notice is untimely because it was

served less than forty-five days before the close of fact discovery.[66]  Rule 30-2 of the District of

---

[63] (*See* Ex. 7 to 30(b)(6) Mot. to Strike, Decl. of Benjamin Lusty, Doc. No. 112-7; Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1.)

[64] (*See* Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1.) Despite noting the topics of "bias reporting and remediation" and the "faculty manual" had been "tabled," counsel's notes also indicate he would "confer with Dr. T. Stevenson re: Haskell," and "[m]ay withdraw request in exchange for deposition of T. Stevenson" as to the topic of "bias reporting and remediation." *Id.*  Similarly, counsel indicated Ms. Rains was "interested in hiring/firing of deans, faculty, peer review" with respect to the "faculty manual" topic. *Id.*

[65] Ms. Rains' deposition topics are distinguishable from those in the cases the Westminster Defendants cite, particularly where she has narrowed the temporal scope of her topics and made efforts to clarify and define terms. *See, e.g.*, *Pike v. Wells Fargo*, No. 1:15-cv-00057, 2015 U.S. Dist. LEXIS 199701, at *5 (D. Utah Dec. 4, 2015) (unpublished) (granting motions to quash deposition notices when terms were wholly undefined and contained no restriction on time); *Lipari*, 2008 U.S. Dist. LEXIS 82594, at *13 (granting a protective order where a 30(b)(6) deposition notice required the defendant to produce a representative who could provide "in detail" answers with respect to 263 paragraphs of the complaint).

[66] (30(b)(6) Mot. to Strike 3, Doc. No. 112).

Utah's Local Rules of Civil Practice requires a "30(b)(6) notice [] be served at least 28 days prior to the scheduled deposition and at least 45 days before the discovery cutoff date."[67]

Ms. Rains reissued the notice of the Rule 30(b)(6) deposition on February 6, 2022—twenty-five days before the fact-discovery deadline of March 3, 2023.[68]  Notably, however, Ms. Rains sent the original notice of the Rule 30(b)(6) deposition in September 2022[69] and the parties have since discussed the deposition numerous times.[70]  In other words, the Westminster Defendant have had formal notice of Ms. Rains' intent to complete a Rule 30(b)(6) deposition, and notice of her deposition topics, for at least five months.  This is not the type of situation contemplated by the rule.  It makes no sense to foreclose the deposition on the basis of a strict, technical application of Rule 30-2 under these circumstances.

    c.   Unilateral Service

Lastly, the Westminster Defendants argue the Rule 30(b)(6) deposition was set without regard to the availability of witnesses and counsel.[71]  Ms. Rains argues she had "no other choice

---

[67] DUCivR 30-2.

[68] (*See* Scheduling Order, Doc. No. 104.)

[69] (*See* Ex. 3 to 30(b)(6) Mot. to Strike, Original 30(b)(6) Dep. Notice, Doc. No. 112-3.)

[70] (*See, e.g.*, Ex. 5 to 30(b)(6) Mot. to Strike, Letter from Emily Rains to Benjamin Lusty (Sept. 20, 2022), Doc. No. 112-5; Ex. 7 to 30(b)(6) Mot. to Strike, Decl. of Benjamin Lusty, Doc. No. 112-7; Ex. A to Opp'n, Email from Benjamin Lusty to Emily Rains Re: Meeting Notes (Nov. 16, 2022), Doc. No. 115-1; Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2; Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[71] (30(b)(6) Mot. to Strike 4, Doc. No. 112.)  The Westminster Defendants contend this violates Rule 30-1 of the District of Utah's Local Rules of Civil Practice.  However, Rule 30-1 governs deposition objections and stays.  There is nothing in the rule regarding the unilateral scheduling of a 30(b)(6) deposition.  *See* DUCivR 30-1.  Accordingly, this argument is not address in terms of Rule 30-1.

but to choose dates/times for the remaining depositions without [counsel]'s input" due to defense counsel's failure to follow up,[72] even after she reached out in January 2023.[73]  The Westminster Defendants' arguments fail where a unilateral setting does not automatically justify a protective order, and the record shows Ms. Rains conferred with the Westminster Defendants about scheduling the deposition before unilaterally setting it.

The Westminster Defendants contend the vagueness of Ms. Rains' deposition topics precluded them from identifying or scheduling a Rule 30(b)(6) witness.[74]  Additionally, counsel for the Westminster Defendants told Ms. Rains he believed she did not intend to proceed with a Rule 30(b)(6) deposition because she failed to provide an amended deposition notice.[75]  Notably, however, the Westminster Defendants did not raise these issues with Ms. Rains until February 7, 2023—despite communicating with her in early January regarding "scheduling the remaining depositions . . . including the 30(b)(6) depositions," among other things.[76]  Indeed, a January 15,

---

[72] (Opp'n 3–4, Doc. No. 115.)

[73] (*See* Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2; Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[74] (*See* 30(b)(6) Mot. to Strike 3, Doc. No. 112; Ex. E. to Opp'n, Letter from Benjamin Lusty to Emily Rains (Feb. 7, 2023), Doc. No. 115-5.)

[75] (Ex. E. to Opp'n, Letter from Benjamin Lusty to Emily Rains (Feb. 7, 2023), Doc. No. 115-5.)

[76] (Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2.)  In a declaration supporting this motion, counsel for the Westminster Defendants states, "between November 16, 2023 and February 6, 2023, [Ms. Rains] never contacted me regarding the 30(b)(6) depositions.  Given this lack of follow up, I assumed she had decided not to proceed with a 30(b)(6) deposition, but instead rely on the testimony obtained through the noticed depositions."  (Ex. 7 to 30(b)(6) Mot. to Strike, Decl. of Benjamin Lusty, Doc. No. 112-7.)  The record does not support this version of events.  (*See* Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2; Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

2023, letter from defense counsel reflected counsel's belief that Ms. Rains "wished to continue with depositions" and represented that he would "evaluate [Westminster's] 30(b)(6) designees."[77]  In other words, the record does not support the Westminster Defendants' arguments.

Further, the fact that a party "unilaterally scheduled [a] deposition does not necessarily warrant the issuance of a protective order."[78]  While courts "encourage[] counsel to confer prior to the scheduling of depositions in order to minimize expense and inconvenience," "such courtesy" is not "a necessary prerequisite for [a proper] deposition notice."[79]  With this in mind, and considering the above facts, it was reasonable for Ms. Rains to unilaterally set a time and serve the Rule 30(b)(6) deposition notice.

In sum, where the parties have clarified the Rule 30(b)(6) deposition topics, the deposition will not be foreclosed on grounds of untimeliness, and it was reasonable for Ms. Rains to unilaterally serve the notice, the Westminster Defendants have not shown good cause to strike the notice.  Their motion seeking a protective order striking the Rule 30(b)(6) deposition notice is denied.

## II.    *Ms. Gentile's Deposition Notice*

The Westminster Defendants oppose Ms. Gentile's deposition notice on two grounds. They contend: (1) the court's September 6, 2022 order "granted a limited 45-day extension of fact discovery solely for the purposes of allowing [Ms. Rains] to depose witnesses Dobkin,

---

[77] (Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[78] *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, No. 06-4105-JAR, 2007 U.S. Dist. LEXIS 36419, at *7 (D. Kan. Jan. 17, 2007) (unpublished) (internal quotation marks omitted).

[79] *Id.* at 7–8.

Koerner, Badenhausen, and Durham, but not for [Ms.] Gentile,"[80] and (2) Ms. Gentile's deposition was scheduled unilaterally for a time not agreed to by Ms. Gentile or her counsel.[81] Both arguments fail.

The Westminster Defendants' first argument is both frivolous and disingenuous in light of the court's order issued on October 20, 2022. This order explicitly "extend[ed] the fact discovery deadline to permit Ms. Rains to conduct the depositions listed in her motion—specifically, the 30(b)(6) deposition of Westminster College and the individual depositions of Ms. Freestone, Mr. Badenhausen, Ms. Dobkin, Ms. Koerner, Mr. Morgan, *Ms. Gentile*, Ms. Holmes, Mr. Durham, and Mr. Menssen."[82] By basing their claim on a previous, unrelated court order—and omitting reference to the order governing the issue—the Westminster Defendants misrepresent the court record.

Next, the Westminster Defendants argue Ms. Rains' "continued unilateral re-noticing of depositions is unreasonable, oppressive, burdensome, and violates the court's explicit order that they be scheduled for dates that are 'mutually convenient.'"[83] As before, Ms. Rains argues she had "no other choice but to choose dates/times for the remaining depositions without [counsel]'s

---

[80] (Gentile Mot. to Strike 1, Doc. No. 114 (citing Order Granting Mot. for Extension of the Fact Disc. Cutoff, Doc. No. 82).)

[81] (*Id.* at 3.)

[82] (Order Granting Pl.'s Mot. 4, Doc. No. 103 (emphasis added).)

[83] (Gentile Mot. to Strike 3, Doc. No. 114.) The Westminster Defendants do not indicate which of the court's order's they are referring to in support of this argument.

input" due to counsel's failure to follow up,[84] even after she reached out in January 2023.[85]  The
record confirms Ms. Rains initiated the cancellation of Ms. Gentile's deposition two days before
the deposition was scheduled to occur.[86]  In a letter responding to the February 2023 deposition
notices, counsel for the Westminster Defendants asserted Ms. Rains "unilaterally cancelled [Ms.
Gentile's deposition] on the eve of" when it was scheduled to occur, and he was "extremely
hesitant to subject [Ms. Gentile] to any further inconvenience."[87]

By its terms, Rule 26 of the Federal Rules of Civil Procedure requires parties to attempt
to resolve disputes among themselves, before seeking court assistance.[88]  This requirement
contemplates parties working together to schedule and, if necessary, reschedule depositions
without court involvement.  Only when the parties are unable to agree, after a good faith effort,
should the court become involved.[89]  And courts may only issue protective orders where
necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue

---

[84] (Opp'n 3–4, Doc. No. 115.)

[85] (*See* Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2; Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[86] (*See* Ex. F to Opp'n, Email Commc'n Between Emily Rains and Benjamin Lusty (Dec. 14, 2022), Doc. No. 115-6.)

[87] (Ex. E to Opp'n, Letter from Benjamin Lusty to Emily Rains (Feb. 7, 2023), Doc. No. 115-5.)

[88] *See* Fed. R. Civ. P. 26(c) ("[A] motion [seeking a protective order relating to a deposition] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.")

[89] *See id.*; *see also Bessemer Tr. Co. v. Furseth*, No. CIV-12-1153-M, 2013 U.S. Dist. LEXIS 113216, at *4–5 (W.D. Okla. Aug. 12, 2013) (unpublished) (considering Defendants' motion for a protective order after Plaintiff did not agree to Defendants' request to reschedule depositions); *Liles v. Wash. Tru Solutions, LLC*, No. CIV-06-854 JB/CEG, 2007 U.S. Dist. LEXIS 56484, at *10–11 (D.N.M. June 14, 2007) (unpublished) (denying a motion for a protective order where Plaintiff did not confer in good faith to resolve a rescheduling issue before filing his motion).

burden or expense."[90]   The Westminster Defendants have not shown any of these factors apply to preclude a deposition the court authorized, the parties have repeatedly conferred on, and the Westminster Defendants agreed to reschedule.

Although *Gonzalez v. Batmasian*[91] is a case addressing whether sanctions should be ordered for a party's failure to appear for a deposition, it is instructive here.  In *Gonzalez*, the court determined the plaintiff did not fail to appear despite asking to reschedule a deposition one day before it was set to take place.[92]   Emails between the parties showed the plaintiff asked to reschedule the deposition, and the defendant responded by inquiring about other available dates.[93]   The plaintiff replied that he would provide an alternative date.[94]   Based on this exchange, and despite a lack of follow-up to actually reschedule the deposition, the court held the plaintiff had not failed to appear—because the parties agreed to reschedule the deposition in the first instance.[95]

Although Ms. Rains cancelled Ms. Gentile's deposition two days before it was scheduled to occur, the record establishes both parties agreed to reschedule the deposition.  Emails exchanged between the parties show Ms. Rains reached out to defense counsel regarding Ms.

---

[90] Fed. R. Civ. P. 26(c)(1).

[91] 319 F.R.D. 403 (S.D. Fla. Mar. 20, 2017).

[92] *Id.* at 405.

[93] *Id.*

[94] *Id.*

[95] *Id.*

Gentile's deposition the morning of December 14, 2022.[96]  By that afternoon, defense counsel

responded, indicating, "[w]e will plan on finding a new date for [Ms. Gentile]'s deposition."[97]

After this exchange, there was no attempt to reschedule Ms. Gentile's deposition until January 9,

2023, when Ms. Rains sent a letter to defense counsel.[98]  Defense counsel responded on January

15, 2023, stating, "I will try to find dates for a rescheduled deposition of Lisa Gentile."[99]  It was

not until February 7, 2023—after Ms. Rains issued a new deposition notice[100]—that defense

counsel communicated his "hesita[tion] to subject [Ms. Gentile] to any further

inconvenience."[101]

The initial email exchange on December 14 shows the parties agreed to reschedule Ms.

Gentile's deposition.  It was reasonable for Ms. Rains to assume the deposition would be

scheduled for a different date based on this email exchange—as well as defense counsel's

January 15 representation about rescheduling it.  Where the parties agreed at the time of the

cancellation to reschedule the deposition, neither Ms. Gentile nor the Westminster Defendants

suffered harm warranting relief.  Additionally, the unilateral nature of Ms. Gentile's deposition

notice does not constitute good cause for a protective order, especially where it was issued nearly

---

[96] (Ex. F to Opp'n, Email Commc'n Between Emily Rains and Benjamin Lusty (Dec. 14, 2022), Doc. No. 115-6.)

[97] (*Id.*)

[98] (Ex. B to Opp'n, First Letter from Emily Rains to Benjamin Lusty (Jan. 9, 2023), Doc. No. 115-2.)

[99] (Ex. C to Opp'n, Email from Benjamin Lusty to Emily Rains (Jan. 15, 2023), Doc. No. 115-3.)

[100] (*See* Ex. D to Opp'n, Second Letter from Emily Rains to Benjamin Lusty (Feb. 6, 2023), Doc. No. 115-4.)

[101] (Ex. E to Opp'n, Letter from Benjamin Lusty to Emily Rains (Feb. 7, 2023), Doc. No. 115-5.)

two months after defense counsel agreed to reschedule the deposition, and after Ms. Rains had reached out about doing so.

The Westminster Defendants have failed to show annoyance, embarrassment, oppression, or undue burden or expense—and there is no reason for this issue to be before the court. Accordingly, the Westminster Defendants' motion to strike Ms. Gentile's deposition notice is denied.  Under the circumstances, it was reasonable for Ms. Rains to set a time and serve the deposition notice for Ms. Gentile, and the Westminster Defendants have otherwise failed to show good cause justifying a protective order.

## CONCLUSION

Where the parties have clarified the Rule 30(b)(6) deposition topics, where the Westminster Defendants did not establish the Rule 30(b)(6) notice should be stricken as untimely, and where it was reasonable for Ms. Rains to unilaterally serve both notices, the Westminster Defendants' motions seeking protective orders to strike deposition notices[102] are denied, and the court orders as follows:

1. The Westminster Defendants are ordered to make their Rule 30(b)(6) witness designation(s) and file a notice with the court as to the same within fourteen days of this order.

2. The parties are ordered to agree on firm dates for the 30(b)(6) deposition(s) and Ms. Gentile's deposition and file a notice with the court as to the same by April 4, 2023.

---

[102] (Doc. Nos. 112, 114.)

3.  Also by April 4, 2023, after setting all remaining depositions, the parties are ordered

to file joint or separate proposals for an amended scheduling order given that fact

discovery closed on March 3, 2023.

DATED this 14th day of March, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge